ERWIN VOTH v. HERMAN F. BECKMAN.
L. H. HOYER AND ANOTHER, THIRD-PARTY DEFENDANTS.

84 N. W. (2d) 925.

July 26, 1957—Nos. 37,267, 37,268.

*G. J. Fillenworth* and *Berens & Rodenberg,* for appellant.

*Raymond Scallen, Meagher, Geer, Markham & Anderson,* and *O. C. Adamson II,* for respondents, third-party defendants.

PER CURIAM:

This case was commenced in March 1956 by plaintiff against defendant, Herman F. Beckman, to recover damages allegedly caused by Beckman's negligent operation of an automobile. Beckman answered and counterclaimed on April 6, 1956. Thereafter, Beckman secured an order permitting the service of a third-party complaint against L. H. Hoyer and Robert Giebink in which he sought indemnity for any damages plaintiff might recover against him, alleging that the third-party defendants had committed malpractice in treating plaintiff. The third-party defendants, respondents here, then moved the court for an order vacating the order permitting service of the third-party complaint, which motions were granted. Beckman thereupon appealed to this court from the order vacating the court's order permitting service of the third-party complaint.

Third-party defendants have moved for dismissal of the appeal on the ground that the order is nonappealable. Defendant contends that, under Rule 41.02 of Rules of Civil Procedure, the order constitutes a dismissal with prejudice so that he will be precluded from reasserting his claim against the third-party defendants should plaintiff prevail in his action against defendant. Third-party defendants contend that it was not their intention to move for a dismissal with prejudice nor was it the intention of the trial court to enter such dismissal and that failure of the trial court to specify that the dismissal was without prejudice was due entirely to an oversight. They now move that the case be remanded to the trial court in order that it may correct its order so as to reflect its true intention that the dismissal was without prejudice.

In view of the fact that the nature of the dismissal may be determinative of the question whether the order is appealable or not, it seems

desirable that the trial court should be permitted to correct its order so as to indicate its true intention with respect to whether the dismissal is with or without prejudice.

Responsibility, however, for the failure of the trial court to specify whether the dismissal was without prejudice, if such in fact was the case, rests upon third-party defendants and not upon defendant. If, therefore, upon a remand to the trial court, the order to dismiss is amended to show that it was made without prejudice and the order therefore becomes nonappealable, defendant ought not in good conscience be burdened with the costs and disbursements of the appeal.

Upon the express condition that third-party defendants shall, within ten days after the date of this decision, file with the clerk of this court a waiver of all costs and disbursements for which defendant may become liable by reason of the fact that the order appealed from is amended upon remand and becomes thereby nonappealable.

IT IS HEREBY ORDERED, That the case and return be, and they hereby are, remanded to the District Court of Cottonwood County, in the Ninth Judicial District, in order that respondents may move such court for a correction of the order on which this appeal rests and that, upon a determination of such motion, the corrected order be made a part of the original return to this court and the whole thereof be returned without unnecessary delay for further proceedings thereon in this court upon the appeal now pending. In the event the aforesaid waiver of costs and disbursements is not filed within ten days, third-party defendants' motion for a remand shall stand denied.