## SCOTT-PEABODY & ASSOCIATES v. NORTHERN LEASING CORPORATION AND OTHERS.
## HERBERT J. COOK AND ANOTHER, RESPONDENTS.

140 N. W. (2d) 614.

February 25, 1966—No. 39,795.

*Rubenstein & Weisberg, Burton G. Weisberg,* and *Raleigh Z. Goldberg,* for appellant.

*Cook & Leavitt,* for respondents Northern Leasing and Cook.

*William C. Kelly,* for respondent Kelly.

MURPHY, JUSTICE.

This is an appeal from a summary judgment entered in the district court in favor of defendants Herbert J. Cook and William C. Kelly in an action brought to recover judgment for architectural services, to establish a lien against certain premises, and for a determination that a certain conveyance from defendant Northern Leasing Corporation to defendant

Cook be set aside as void and in fraud of creditors. An issue is raised as to whether, under the particular facts hereinafter recited, a judgment in favor of the plaintiff in an action to quiet title is res judicata in a subsequent action to set aside a prior deed allegedly given to him in fraud of creditors.

From the record it appears that plaintiff, Scott-Peabody & Associates, is an architectural firm; that defendant Northern Leasing Corporation was the owner of property in the city of Faribault; that defendant Herbert J. Cook was a director and officer of that corporation; and that defendant William C. Kelly was the owner of a mortgage on the corporation's real estate. Plaintiff entered into a written agreement with Northern Leasing to render services in the preparation of plans and specifications for a garage and general office building. The amended complaint alleges that pursuant to this agreement services of the reasonable value of $4,891.87 were rendered; that payment was never made; that a mechanics lien was filed; and that Northern Leasing executed a deed to the real estate on which the building was to be constructed to defendant Cook although knowing that the transfer would leave Northern insolvent. The complaint asserts that the deed was given in fraud of creditors without a fair consideration and asks judgment against Northern Leasing and Cook for the amount of the claim, interest, and attorneys' fees; that judgment therefor be declared a lien against the premises; and that the property be sold to satisfy the claim. The answer admits failure to pay the amount claimed; alleges that the plaintiff failed to perfect its statutory and constitutional lien; and further asserts defenses of res judicata and laches.

After issue was thus joined, defendants Cook and Kelly moved for summary judgment, which motion was heard on the court's files and records and an affidavit of one of the attorneys for plaintiff. The trial court granted summary judgment, being of the view that the issues raised by plaintiff's amended complaint and the answer had been determined as to defendants Kelly and Cook in a previous quiet-title action in which defendant Cook was the plaintiff and Scott-Peabody & Associates, plaintiff in this action, was one of the defendants.

The material which the trial court considered in passing upon the

motion for summary judgment consisted of numerous pleadings and motions involving a series of unusual procedural maneuvers. This appeal is before us on the district court's files, which contain the various pleadings, motions, and orders, without a transcript of the proceedings or a settled case. As best we can determine, it appears that on August 1, 1960, plaintiff filed with the register of deeds a mechanics lien statement in connection with its asserted lien for services performed for Northern Leasing. On August 18, 1960, Herbert J. Cook commenced an action to quiet title to the real estate involved, claiming that he was its owner. Scott-Peabody & Associates was named defendant, the complaint stating that it claimed "an interest or interests in said premises or lien thereon, adverse to plaintiff." An answer was filed by Scott-Peabody on October 10, 1960, wherein it counterclaimed for the reasonable value of its services and asked judgment determining that it have a lien upon the real estate for the amount of its claim. The action to quiet title went to trial on March 24, 1961. Shortly prior thereto, on March 22, 1961, Scott-Peabody instituted the action which is the subject of this appeal. On March 22 and 23, 1961, the complaint in Scott-Peabody's action was served, and on March 24, immediately prior to the trial of the quiet-title action brought by Cook, Scott-Peabody moved to consolidate the actions. As we have already indicated, we do not have a record of the proceedings that occurred when the motion to consolidate was made. At any rate, the motion was denied and the parties went to trial in the quiet-title action. After the case was submitted, the court made its findings on June 20, 1961, and ordered judgment determining Cook to be the owner in fee of the premises, free and clear of any lien in favor of Scott-Peabody. It should be noted at this point that Scott-Peabody does not contend that the trial court was in error in determining that it was not entitled to a lien for its services. It seems to be agreed that Scott-Peabody failed to protect its rights to either a statutory or a constitutional lien.

After Scott-Peabody's motion to amend the findings was denied and the action to quiet title was finally determined in Cook's favor, Scott-Peabody decided to proceed with the action against Cook, Kelly, and Northern Leasing which was commenced 2 days before the quiet-title action was tried. Thereafter, on May 11, 1961, it amended its complaint

in that action and, for the first time, alleged fraud with reference to the conveyance from Northern Leasing to Cook. As we have already indicated, the trial court promptly disposed of Scott-Peabody's action by holding that the issues raised had, as against Cook and Kelly, been determined in the prior quiet-title action.

It is well established that a judgment in an action to quiet title bars subsequent litigation on the same cause of action between the same parties or their privies, and is final and conclusive not only as to all issues actually involved and determined but also as to such matters as might have been litigated and determined. The Youngstown Mines Corp. v. Prout, 266 Minn. 450, 124 N. W. (2d) 328; Veline v. Dahlquist, 64 Minn. 119, 66 N. W. 141. The Youngstown Mines case expresses the rule as follows (266 Minn. 466, 124 N. W. [2d] 340):

"A judgment on the merits constitutes an absolute bar to a second suit for the same cause of action, and is conclusive between parties and privies, not only as to every matter which was actually litigated, but also as to every matter which might have been litigated therein."

It would appear that the procedural strategy employed by Scott-Peabody may be accounted for as an attempt to salvage rights lost by its failure to protect its statutory or constitutional lien for services. It had an opportunity in the quiet-title action to assert the claim of fraudulent transfer but failed to do so. It started the action which is now before us for review and made no allegations with reference to a transfer in fraud of creditors. On its belated motion to consolidate, the point does not appear to have been urged. As a matter of fact the asserted claim of fraudulent transfer was not formally asserted until it amended its complaint, almost 2 months after the quiet-title action was tried. The trial court in its memorandum expressed these views:

"Any evidence bearing on the title of Cook could have been asserted by defendants including evidence pertaining to the theory of fraudulent conveyances. Some evidence concerning the transfer from Northern Leasing to Cook was introduced. The conclusion that Cook was the fee owner of the premises of necessity determined all claims to the premises as between Cook and the plaintiff here. The only claim made against

Cook on the pleadings in the instant case is that of participation in a fraudulent conveyance. That having been determined in a previous action there is no issue between him and the plaintiff for determination here.

"Since it has been determined that plaintiff is not entitled to a lien nor to set aside the conveyance to Cook from Northern Leasing there is no claim here which would affect the interest of defendant Kelly in the property.

"Insofar as the defendant, Northern Leasing Corp., is concerned the Court is of the opinion that the complaint states a cause of action against Northern Leasing Corp. for a money judgment which has not been judicially determined."

We are persuaded, as was the trial court, that the issue of the fraudulent conveyance, if it had any merit, should have been litigated and determined in the quiet-title action. Moreover, the trial court observed that as a matter of fact some evidence relating to that issue was actually considered. Under the circumstances we are constrained to hold that it was proper for the trial court to enter summary judgment for the defendants. Schoening v. United States Aviation Underwriters, 265 Minn. 119, 120 N. W. (2d) 859; Bustad v. Bustad, 263 Minn. 238, 116 N. W. (2d) 552.

Affirmed.

MR. JUSTICE THOMAS GALLAGHER took no part in the consideration or decision of this case.