Alvin HOLASEK, et al., Appellants,

v.

FIRST NATIONAL BANK OF ROCHESTER, Rochester, Minnesota, Respondent.

No. 48678.

Supreme Court of Minnesota.

March 9, 1979.

Rehearing Denied May 23, 1979.

Eugene A. O'Brien and Donald A. Wheat, Minneapolis, for appellants.

West, Gowan, DeBoer & McIntosh, Rochester, for respondent.

Heard before TODD, YETKA, and WAHL, JJ., and considered and decided by the court en banc.

TODD, Justice.

Alvin and Ward Holasek purchased certain motel properties in the city of Rochester under a contract for deed. At the time of their purchase, all of the real and personal property of the motel was subject to a first mortgage held by United Realty Trust (URT). Thereafter, the First National Bank of Rochester (Rochester Bank) loaned money to the motel developers and received as security certain scheduled personal property. URT subordinated its first mortgage lien on the scheduled property to the Rochester Bank. Thereafter, upon default, URT and the Rochester Bank foreclosed their liens. An appeal was taken by one of the parties to the foreclosure actions, and this court affirmed the trial court's decision. *United Realty Trust v. Property Dev., Etc.,* 269 N.W.2d 737 (Minn.1978). The Rochester Bank held a sale of the scheduled property, receiving less than the amount of its loan from the proceeds. Thereafter, the Holaseks brought this new, separate action against the Rochester Bank for conversion, and the trial court granted the Rochester Bank's motion for summary judgment. We affirm.

On December 31, 1973, the Holaseks purchased by contract for deed a portion of the property upon which the motel was constructed. Property Development & Research Company (PDR) was the vendor. In conjunction with the land purchase, the Holaseks executed a ground lease with PDR. This in turn was secured by PDR's assignment to them of a mortgagee's interest in another leasehold and security agreement executed by Alotel Associates as mortgagor-lessee and PDR as lessor. The assignment was only to become operative and enforceable in the event that PDR defaulted on the payment of the rent due under the ground lease. A first mortgage of URT, then named Larwin Realty and Mortgage Trust, was of record at the time the Holaseks entered into the contract for deed, and the contract for deed specifically stated that this mortgage was a prior encumbrance. Certain provisions of URT's mortgage included:

(1) The mortgaged real property includes all fixtures attached or used in any way in connection with the use, operation, or occupancy of the real property.

(2) That if any property was classified as personal property, it would be additional security for the loan.

(3) Any lease of the property shall be subordinate to the loan.[1]

(4) The mortgagor will assign its interest in any lease granted as additional security.

(5) That all property, whether real or personal, was mortgaged as one unit.

(6) That the mortgagee may join in a subordination agreement without the consent of the mortgagor and without effect on the mortgage.

On June 20, 1974, the Rochester Bank agreed to loan $240,000 to PDR. As security for its loan, it took a mortgage upon certain scheduled fixtures and personal property. The first mortgage holder, URT, agreed to subordinate its prior lien to that of the bank as to the scheduled property.

Default occurred and URT began a foreclosure action. The Rochester Bank started a replevin action at approximately the same time. The Holaseks were named as defendants in the foreclosure action but were not named as defendants in the replevin action. The matters were consolidated for trial and a single set of findings of fact and conclusions of law was issued. As part of these findings, the trial court found that the Rochester Bank was entitled to immediate possession of the scheduled property and permitted it to dispose of the property in a commercially reasonable manner. The court further held that URT was entitled to foreclose its mortgage on the unscheduled property and realty. Judgment was entered accordingly.

1. Alotel Associates had also agreed to subordinate its leasehold interest to URT's mortgage.

Alotel Associates, a lessee of the motel, appealed from both URT's foreclosure action and Rochester Bank's replevin action on the grounds that certain transactions were usurious. The issue of priority among the lienholders was not directly raised on appeal. This court held that URT was entitled to foreclosure and that the transaction was not usurious. *United Realty Trust v. Property Dev., Etc., supra.*

Pending appeal and pursuant to the trial court's decision, URT served notice of foreclosure sale to be held on May 13, 1977, upon all parties including the Holaseks. The property was bid on by URT for the entire amount of its principal, interest, costs, and attorneys fees.

On May 13, 1977, the Rochester Bank took possession of the property scheduled in its security agreement. The Rochester Bank served notice on the Holaseks of a private sale of the scheduled property to be held on May 24, 1977. The property was sold on that date for the sum of $165,250, and the report of sale was filed with the court on July 27, 1977. On June 17, 1977, the Holaseks commenced this action against the Rochester Bank, alleging damages by reason of the improper conversion of the scheduled property, claiming a primary right to said property. The trial court granted the Rochester Bank's motion for summary judgment in the conversion action. The Holaseks appeal.

The issue presented is, do the previous judgment and appeal preclude the Holaseks from asserting any property rights upon which they can base an action in conversion? The Holaseks have asserted that we should also consider issues concerning the subordination agreement as it affects their rights, the failure of the bank to name them as defendants in the replevin action, and the propriety of summary judgment in this case. Because we conclude that the previous judgment and appeal preclude the present action, we need not address these other issues raised by the Holaseks.

The Holaseks, Rochester Bank, and others were parties to the main foreclosure action brought by URT. The priority of liens in the real and personal property, including the scheduled property in the subordination agreement with Rochester Bank, was an issue raised in URT's foreclosure action as well as Rochester Bank's replevin action. The trial court made a determination in the foreclosure action and replevin action that the Rochester Bank had priority over the Holaseks in the scheduled property. In their notice of review pursuant to the appeal of Alotel Associates from the foreclosure and replevin actions, the Holaseks challenged various findings of the trial court relating to usury and the default under URT's mortgage. They also challenged specific trial court conclusions of law—that the transaction was not usurious, that certain sums were owed to URT, that URT was entitled to foreclose its mortgage, and that the Holaseks' only right to URT's mortgaged property was a junior right of redemption. The Holaseks did not in their notice of review challenge a finding that Rochester Bank's interest in the chattels was superior, or the following trial court conclusions:

"1. The first National Bank of Rochester is entitled to immediate possession of the chattels, including fixtures on which it holds a perfected security interest, as listed in Exhibit A attached hereto, to which all other parties named herein have subordinated their interests.

"2. The First National Bank of Rochester may dispose of these chattels and fixtures in a commercially reasonable manner pursuant to Minnesota law.

\* \* \* \* \* \*

"9. Alvin A. and Ward E. Holasek have a valid interest in the land described in Finding No. 10 as vendees on a contract for deed, on which the vendor's interest has been validly assigned by PD&R to Associates. This interest of Holaseks has been subordinated by agreement to the first mortgage of URT. Holaseks also hold a valid second mortgage on the land, the buildings and their con-

tents, as described in Finding No. 21, which second mortgage interest is subordinate to the first mortgage interest of URT and the security interest of the Rochester bank."

The attorneys for the Holaseks apparently believed that the appeal should not involve the merits of priority in the scheduled property. This caused us to remark in the previous appeal that other transactions, including the Holaseks' contract for deed, were not at issue. 269 N.W.2d 740, note 2.

Because the Holaseks were parties to URT's foreclosure action, and because the issue of priority was determined in that action and not challenged on appeal, we hold that the Holaseks are bound by the previous decision that Rochester Bank has superior rights in the scheduled property.[2] *Hentschel v. Smith,* 278 Minn. 86, 95, 153 N.W.2d 199, 206 (1967); *Scott-Peabody & Assoc. v. Northern Leasing Corp.,* 273 Minn. 236, 140 N.W.2d 614 (1966). Obviously, therefore, the Holaseks cannot maintain a successful suit against the Rochester Bank for conversion.

The Holaseks argue that because the trial court issued only one set of findings of fact, conclusions of law, and order for judgment in the consolidated action, they are not bound by the trial court decision. This argument might have some merit if the findings of fact, conclusions of law, and order for judgment had been entered only for the Rochester Bank's replevin action because the Holaseks were parties to only the foreclosure action and consolidation did not merge the replevin and foreclosure actions. See, *Indianhead Truck Line, Inc. v. Anderson,* 272 Minn. 497, 501, 139 N.W.2d 271, 274 (1965); *Simon v. Carroll,* 241 Minn. 211, 218, 62 N.W.2d 822, 827 (1954). Instead, the single set was made applicable to both the replevin and foreclosure actions. The Hola-

seks were parties to the foreclosure action and hence bound by the determination in that case. We will not permit a party to have a specific issue before this court and decline to present it upon the assumption that they may later attack the same issue.

Even if we were to consider the merits of priority, we would hold for Rochester Bank. The trial court in this case reconsidered the entire matter, including the merits, and decided against the Holaseks.[3] It correctly decided the matter.

Affirmed.

---

**2.** We need not consider Rochester Bank's argument that the Holaseks actually participated in the replevin action, even though they technically were not parties thereto, and thus we estopped from challenging in this conversion action the determination of priority in the previous replevin action. See, *Schroeder v. Lahrman,* 26 Minn. 87, 1 N.W. 801 (1879); *Weiner*

*v. Greyhound Bus Lines, Inc.,* 55 App.Div.2d 189, 193, 389 N.Y.S.2d 884, 888 (1976).

**3.** The decision of the trial court was accompanied by an excellent and comprehensive memorandum which correctly states the law applicable to the various issues raised by the Holaseks.