*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0922**

Citimortgage, Inc.,
Respondent,

vs.

Norbert A. Kraus, et al.,
Appellants,

John Doe, et al.,
Defendants.

**Filed January 12, 2015
Affirmed
Kirk, Judge**

Scott County District Court
File No. 70-CV-13-23973

Gerald G. Workinger, Jr., Usset, Weingarden & Liebo, PLLP, Minneapolis, Minnesota (for respondent)

William B. Butler, Butler Liberty Law, LLC, Minneapolis, Minnesota (for appellants)

Considered and decided by Hooten, Presiding Judge; Rodenberg, Judge; and Kirk, Judge.

UNPUBLISHED OPINION

**KIRK**, Judge

On appeal from summary judgment, in this eviction dispute, appellants argue that the district court erred by (1) failing to address whether respondent had legal standing to bring the eviction action; (2) failing to take judicial notice of the adjudicative fact that respondent did not have legal capacity to bring the eviction action; (3) denying appellants' request for an unconditional stay; and (4) applying the doctrine of res judicata. We affirm.

**FACTS**

This case involves a four-year mortgage-foreclosure dispute between appellants Norbert A. Kraus and Claire Fox-Kraus and respondent CitiMortgage, Inc. CitiMortgage initiated a foreclosure proceeding of the mortgage secured by the Krauses' residence in Jordan. In September 2011, CitiMortgage foreclosed the mortgage, and the Krauses failed to redeem the property.

The Krauses first challenged the foreclosure and CitiMortgage's title to the property in a quiet title action alleging numerous theories, including that: (1) CitiMortgage was not the real party in interest; (2) CitiMortgage lacked legal standing; (3) the assignment of the mortgage to CitiMortgage was invalid; and (4) CitiMortgage did not have legal capacity to bring the foreclosure action. *Kraus v. CitiMortgage, Inc.*, No. 11-3213 (DWF/FLN), 2012 WL 1581113, at *1, 3 (D. Minn. May 4, 2012). The federal district court granted CitiMortgage's motion to dismiss and

dismissed the Krauses' claims with prejudice. *Id.* at \*4. The Eighth Circuit Court of Appeals affirmed. *Kraus v. CitiMortgage, Inc.*, 513 F. App'x, 624, 625 (8th Cir. 2013).

In January 2014, CitiMortgage moved for summary judgment in this eviction action. In support of its motion, CitiMortgage included copies of the warranty deed, mortgage, assignment of mortgage to CitiMortgage, foreclosure notice and related documentation, sheriff's certificate of sale, and the previously discussed decisions of the federal district court and Eighth Circuit Court of Appeals. The district court granted CitiMortgage's motion for summary judgment. The Krauses appeal.

## DECISION

On appeal, the Krauses' counsel raises legal arguments that were dismissed with prejudice by the federal district court and affirmed by the Eighth Circuit Court of Appeals. After a careful review of the record, we conclude that these arguments are without any legal or factual support and misstate the district court record. It is well-established law in Minnesota that the validity of a foreclosure proceeding is not at issue in an eviction action. *See Real Estate Equity Strategies, LLC v. Jones*, 720 N.W.2d 352, 357 (Minn. App. 2006) (stating that generally eviction proceedings do not "address matters other than the immediate right to possession of the property"). Under the eviction statute, a person may be evicted if she "holds over real property . . . after the expiration of the time for redemption on foreclosure of a mortgage." Minn. Stat. § 504B.285, subd. 1(a)(1)(ii) (2014). Although not necessary in this eviction proceeding, the district court properly applied the doctrine of res judicata when it granted CitiMortgage's motion for summary judgment because the Krauses' claims had been

3

previously raised and dismissed by the federal courts. *See Wessling v. Johnson*, 424 N.W.2d 795, 797 (Minn. App. 1988) (describing the res judicata test), *review denied* (Minn. July 28, 1988).

The Krauses' counsel has unsuccessfully asserted similar legal arguments in a number of mortgage-foreclosure appeals. When he was asked at oral argument why he continued to file appeals rehashing claims that have not gained any traction, he replied that we have not yet rejected his arguments in a published case. But we do not publish opinions where the law is clear and settled. *See* Minn. Stat. § 480A.08, subd. 3(c) (2014) (explaining when this court may publish opinions); *see also Lake George Park, L.L.C. v. IBM Mid-Am. Emps. Fed. Credit Union*, 576 N.W.2d 463, 466 (Minn. App. 1998) (stating that "[t]his court, as an error correcting court, is without authority to change the law"), *review denied* (Minn. June 17, 1998).

The Krauses' counsel also misrepresented the record before the district court. In his principal brief, he alleged that the district court failed to stay the proceedings pending the resolution of a Torrens action that the Krauses had commenced in another forum. But at oral argument, he conceded that the Krauses had not started a Torrens action to support their request for a stay of the eviction proceeding pending resolution of a separate active action challenging the foreclosure.

In light of the record before us, the meritless legal arguments made by the Krauses, and the lack of any ambiguity in controlling law, we adopt the language of our supreme court in *Schuneman v. Tolman*, 85 Minn. 130, 88 N.W. 1103, 1103 (1901): "[The Krauses'] appeal in this case is one of the most frivolous that has ever been

4

presented to this court, and the questions raised are not entitled to any discussion whatever.  The judgment appealed from stands affirmed."

**Affirmed.**