# CLIFFORD T. McELROY v. BOARD OF EDUCATION OF CITY OF MINNEAPOLIS.[1]

October 30, 1931.

No. 28,567.

*Neil M. Cronin,* City Attorney, and *Thomas B. Kilbride,* Assistant City Attorney, for appellant.

*L. W. Crawhall,* for respondent.

STONE, J.

Appeal by defendant from an order amending a judgment.

Plaintiff is an architect and sues for fees under a contract with defendant. The case went to trial before a jury. After introducing the testimony of several witnesses on his own behalf, plaintiff rested. Thereupon defendant asked "the privilege of resting for the purpose of making a motion," which was granted. Defendant then moved "for a dismissal of this action upon the ground and

[1]Reported in 238 N. W. 681.

for the reason that the plaintiff has failed to establish a cause of action against the defendant; that there is no material or competent evidence before the court which would justify submitting this case to the jury." After argument the motion was granted. Plaintiff moved for a new trial, assigning as errors the dismissal and certain rulings excluding evidence offered by him. That motion was denied and judgment entered reciting the fact of trial and that defendant had moved that the case "be dismissed on the merits." It concluded thus: "That the above entitled action be and the same is hereby dismissed on the merits."

There ought to be no misunderstanding of G. S. 1923 (2 Mason, 1927) § 9322, invoked by both parties. It regulates only dismissals in the strict and technical sense, which embrace any termination of an action without a "final determination" on the merits. The statute begins thus: "An action may be dismissed, without a final determination of its merits, in the following cases." There follows an enumeration of five separate and differing occasions when there may be such a dismissal putting an end to the case but not to the cause of action declared upon. Pioneer L. & L. Co. v. Bernard, 156 Minn. 422, 195 N. W. 140. Under the third subdivision, where a plaintiff abandons his case "or fails to substantiate his cause of action," he is not entitled as of right to a dismissal if there has been (as there was here) a "final submission of the case." After its enumeration, the statute declares that "all other modes of dismissing an action are abolished." It concludes by saying: "In all cases other than those mentioned in this section, the judgment shall be rendered on the merits." Whatever else the law does, it makes no attempt to direct how or in what form judgment shall be entered where a case has gone to decision on the merits.

It is helpful in understanding the dismissals abolished by our statute to remember that, although historically the final determination of an equity case on the merits and adverse to the plaintiff took the form of a dismissal of his bill (3 Wd. & Phr. [1 ser.] 2105; Boom v. St. Paul F. & M. Co. 33 Minn. 253, 22 N. W. 538) there was in common law procedure "no form of an entry in the books

of a judgment dismissing an action." Every judgment against a plaintiff was "either upon a retraxit, non prosequitur, nonsuit, nolle prosequi, discontinuance, or a judgment on an issue found by jury in favor of defendant, or upon demurrer." Whatever their recitals, they always concluded thus: "Therefore it is considered by the court that plaintiff take nothing by his writ, and that the defendant go without day, and recover of plaintiff his costs." 2 Freeman, Judgments (5 ed.) § 751. As that author points out, judgments of nonsuit or "dismissal generally," but not on the merits, were all "exceptions to the general rule that when the pleadings, the court, and the parties are such as to permit of a trial on the merits, the judgment will be considered as final and conclusive of all matters which could have been so tried."

It was these inconclusive and sometimes ex parte terminations of actions, without a trial and hence without decision of the merits, which were abolished thereby, save as the statute itself enumerates the occasions and permits the manner in which a dismissal, i. e. a mere nonsuit, may be had.

■ Plaintiff introduced his evidence. He did not ask for a nonsuit or leave otherwise to discontinue his action. On the contrary, he submitted his case for decision by resting. He invoked final judicial action thereon. Defendant was under no obligation to introduce evidence. Its privilege likewise was to submit its case to decision on plaintiff's evidence. That was done, and the decision, thus invited by both litigants, was on the merits.

The practice adopted by defendant's counsel is not commendable. They should have proceeded in the conventional way, after resting, to move for a directed verdict. Normandin v. Freidson, 181 Minn. 471, 233 N. W. 14. Had they done so and had the motion been granted, no question could have arisen. By loose practice, they invited the very misconception which followed. But the taking of a verdict in such a case is mere form and adds nothing of substance. Marion v. Home Mut. Ins. Assn. 205 Iowa, 1300, 217 N. W. 803. What was done appears plainly from the record, which may be resorted to for needed explanation of the judgment. Andrews v.

School Dist. No. 4, 35 Minn. 70, 27 N. W. 303. The judge decided the case as matter of law. Both parties having rested, the decision necessarily was on the merits (Duluth C. of C. v. Knowlton, 42 Minn. 229, 44 N. W. 2, distinguishing Woodling v. Knickerbocker, 31 Minn. 268, 17 N. W. 387) and the issues involved became res judicata. The case having been submitted, it is immaterial "that the judgment was in form one of dismissal, if it was in fact determined on the merits." Thomas v. Joslin, 36 Minn. 1, 3, 29 N. W. 344, 345, 1 A. S. R. 624, following Boom v. St. Paul F. & M. Co. 33 Minn. 253, 22 N. W. 538.

Striking the words "on the merits" was without much damage. Even without them, the judgment rested on "a final determination" of the case. But defendant was entitled to have the judgment stand as it was. The order amending it was error. It was a "final order * * * upon a summary application in an action after judgment" and so appealable under G. S. 1923 (2 Mason, 1927) § 9498.

Order reversed.