## G. E. WILLARD v. MAX A. KOHEN, INC.[1]

May 13, 1938.

Nos. 31,629, 31,680.

*Leonard, Street & Deinard,* for appellant.
*Latimer, Priebe & Cooper,* for respondent.

JULIUS J. OLSON, JUSTICE.

Defendant appeals from an order denying its motion to dismiss plaintiff's cause on the merits; also from a judgment subsequently entered dismissing the action without prejudice.

Plaintiff sued in conversion claiming a certain diamond ring of the value of $990 had been converted by defendant. Defendant's answer asserted the ring had been purchased by plaintiff under a conditional sales contract whereby plaintiff had agreed to pay $1,650 for it, that being its agreed value; that there were defaults in payments thereunder; and that there remained an unpaid balance of $1,050 with interest from October 11, 1933. Further, that defendant had proceeded under the statute to put an end to plaintiff's claim by giving notice of default and that plaintiff had failed to comply with such notice, hence that plaintiff should "take nothing by his pretended cause of action, and that defendant have judgment" for its costs and disbursements. The reply denied the new matters pleaded by defendant and further alleged the existence of a conditional sales contract quite different from the one pleaded by defendant. As an exhibit therewith he pleaded a claimed copy as being the correct contract and asserted that there was no default on his part in making the payments provided thereby.

The trial developed an issue in respect to the value of the ring as of the time of the commencement of the action, defendant's claim

being that the ring was worth no more (in fact less) than the unpaid balance of the purchase price. Plaintiff sought to amend his pleading so as to show the actual value of the ring to be the contract price, $1,650. The motion to amend was denied. Defendant moved for direction of verdict, which the court denied. Defendant then rested and renewed its motion for direction of verdict. Plaintiff, before the court ruled on defendant's renewed motion, moved that the court dismiss his action without prejudice. The court granted plaintiff's motion. Defendant excepted, claiming the situation to be such as to require that the case be disposed of on the merits.

We are not concerned with errors occurring at the trial. The only issue presented here is whether the court had discretionary authority to grant plaintiff's motion for dismissal without prejudice.

■ Dismissals in this state are governed by statute. 6 Dunnell, Minn. Dig. (2 ed.) § 9750; 2 Mason Minn. St. 1927, § 9322. The statute provides:

"An action may be dismissed, without a final determination of its merits, in the following cases: * * *

"3. * * * where, upon the trial and before the final submission of the case, the plaintiff abandons it, or fails to substantiate or establish his cause of action or right to recover."

The right of a plaintiff to take a voluntary nonsuit or, in the language of the statute, to "abandon" his cause, is perhaps not as well defined by the decisions as might be desired. It is well settled, however, that if plaintiff asks the court to be permitted to take a dismissal the matter is entirely discretionary with the court to grant or deny his application. (The cases are cited under note 4 of the mentioned section of the statute.)

Defendant relies upon McElroy v. Board of Education, 184 Minn. 357, 238 N. W. 681. That case does not sustain its claim. There plaintiff did not ask for a nonsuit nor seek leave to discontinue his action. Instead he invoked final judicial action. In this case the situation was obviously different. Both motions were pending be-

fore the court when the ruling was made. The first syllabus paragraph in A. Y. McDonald Mfg. Co. v. Newstone, 187 Minn. 237, 244 N. W. 806, fits the present case:

"The court may dismiss an action at the close of plaintiff's evidence when plaintiff has rested if the plaintiff has failed to substantiate or establish his cause of action or his right to recover."

Clearly, we think the discretion exercised was appropriate, and defendant is in no position to complain.

■ The distinction between a dismissal of a cause and direction of verdict is pointed out in 6 Dunnell, Minn. Dig. (2 ed. & Supps.) § 9751, as follows:

"It is a common practice in this state for the court to direct a verdict for the defendant, when the plaintiff rests without proving a cause of action. The practice is unauthorized by statute and objectionable. It is the clear intent of our statute that upon the failure of the plaintiff to prove a cause of action a dismissal should be ordered rather than a verdict directed. The latter course should be followed only after defendant rests and *there has been an actual contest on the merits.*" (Italics supplied.)

The grounds for dismissal are adequately stated in *Id.* § 9752.

The court was clearly right, hence the order and judgment are both affirmed.

MR. JUSTICE STONE, because of illness, took no part in the consideration or decision of this case.