EDWIN ADAMS AND ANOTHER v. J. C. ATKINSON AND OTHERS.[1]

February 27, 1942.

No. 33,000.

[1]Reported in 2 N. W. (2d) 818.

132

*Edwin Adams* and *Christian G. Dosland,* for appellants.
*William Russell,* City Attorney, and *James M. Witherow,* for respondents.

HOLT, JUSTICE.

*Mandamus* action to compel the county auditor and county treasurer of Clay county to permit plaintiffs to redeem a parcel of land in the city of Moorhead bid in for the state at delinquent tax sales, and to compel the clerk of the district court of that county to enter a confession of judgment in respect to said parcel of land under the provisions of L. 1939, c. 91, Mason St. 1940 Supp. §§ 2176-16a to 2176-16g. The city of Moorhead is made a party defendant.

At the close of the testimony the jury was withdrawn. Then defendants moved that the action be dismissed with costs, and the restraining order forbidding the city to give notice of the expiration of the time for redemption be vacated. The court took the motion under advisement and later filed an order granting the same. Plaintiffs' motion for a new trial was denied, and they appeal from the order denying the motion.

The determinative facts may be thus stated: W. H. Davy was the owner of the east 125 feet of lots 1 to 5, inclusive, in block 68 of the original townsite of the city of Moorhead from before 1930 up to his death in 1937. Said parcel of land went to sale under delinquent tax judgments for the years 1933 to 1936, inclusive, and was bid in for the state. On May 8, 1939, the county auditor by his certificate assigned the rights and interest of the state to the city of Moorhead for $1,131.21, that being the amount then due with penalties and interest and the tax for 1937. On October 31, 1939, plaintiff Adams, the administrator of Davy's estate, and plaintiff Romkey, the vendee in a contract for deed from such administrator, demanded of the county officers mentioned that the proper certificate of redemption be issued to them upon their confessing judgment under the terms of L. 1939, c. 91. They refused, on the ground that the certificate mentioned had been issued to the city of Moorhead. It is conceded that the terms and form of the tendered confession of judgment complied with the statute and that the initial payment and the clerk's fees tendered were in the correct amounts. It also appears that included in the amount paid by the city for the certificate was the sum of $410.40 of special street pavement assessments for the benefit of the parcel of land involved.

There are two main contentions of appellants upon which depend the success of the appeal. The first is that L. 1939, c. 91, impliedly stayed or took away from the county auditors the authority given by Mason St. 1927, § 2137, to sell and assign the state's interest in lands bid in for it upon sales under delinquent tax judgments. We cannot adopt the view that the legislature by said c. 91 intended impliedly or otherwise to modify or affect said § 2137, which for so long a time has been in operation. The language in § 1 of c. 91 seems clearly to limit the right to confess judgment as to parcels of land "which have been bid in for and are held by the state and not assigned by it." These words "not assigned by it" must refer to the time the owner offers to confess judgment, and not to the moment the law was approved.

The second contention of appellants is that the city has no power to purchase a tax certificate from the state, and its so doing was *ultra vires*. The city of Moorhead is under a home rule charter. Section 98 of that charter seems clearly to authorize the city to purchase the certificate in question. As stated, included in the delinquent taxes represented by the certificate was the sum of $410.40 for special assessments for paving. Section 98 of the charter provides:

"The city shall have authority to protect itself by acquiring title to any property subject to special assessment for local improvements, and shall have authority by ordinance to assign and convey any property so acquired."

There is no need to consider other sections of the charter as to procuring land for parks, or the fact that the parcel of land here involved is contiguous to the city park.

The claim of appellants is also made that even if the city had the power to buy this certificate it was not properly exercised in that the subject was not considered in any council meeting of which there is a record; that the minutes of the council only show the adoption of a resolution on May 8, 1939, approving bills (a great many), the check payable to the contingent fund of $1,-131.21. The testimony shows the proper voucher for that amount was made and signed by the mayor and that this matter was handled in the usual manner. We do not see that appellants can take any advantage of irregularities of the city council in procuring this certificate, having held that it was within the power and authority of the county auditor to issue the certificate to the city at the time it was issued, months before appellants sought to avail themselves of c. 91. Such being our conclusion, there is no need to consider the offers of proof by members of the council that the purchase of this certificate was not considered separately at any meeting of the city council as a body.

Lastly, error is assigned because the court, after the testimony was closed and the jury withdrawn, ordered the action dismissed with costs, instead of filing findings of fact and conclusions of

law to the same effect. McElroy v. Board of Education, 184 Minn. 357, 238 N. W. 681, is cited. It perhaps would have been better practice to have had findings. But appellants are not harmed by the procedure, where, as here, upon the record appellants are entitled to no relief whatever. We may add that the owner of this parcel of land let the opportunity pass without seeking relief under Ex. Sess. L. 1935-1936, c. 72, Mason St. 1940 Supp. §§ 2176-11 to 2176-16, or as amended by L. 1937, c. 486, and the inference is strong that appellants would have made no attempt to take advantage of L. 1939, c. 91, had they not discovered that the city of Moorhead had procured the certificate mentioned.

We think it would serve no useful purpose to refer to or discuss the many cases cited by both parties, for we think the city of Moorhead under its charter had the clear right to purchase the certificate involved, and the county auditor had full authority to issue it.

The order is affirmed.