Charles W. CORY, et ux. *v.* MARK TWAIN LIFE INSURANCE CORPORATION

84-326                                      688 S.W.2d 934

Supreme Court of Arkansas
Opinion delivered May 6, 1985
[Rehearing denied June 10, 1985.]

*Friday, Eldredge & Clark*, by: *John Dewey Watson* and *Jerry V. Elliott*, for appellant.

*Davidson, Horne & Hollingsworth, A Professional Association*, by: *Allan W. Horne* and *Patrick E. Hollingsworth*, for appellee.

JOHN I. PURTLE, Justice. The trial court dismissed appellants' complaint with prejudice pursuant to his interpretation of

the mandate of this court on first appeal of this case. *Mark Twain Life Ins. Corp.* v. *Cory*, 283 Ark. 55, 670 S.W.2d 809 (1984). The trial court misinterpreted the mandate of this court.

The first sentence in our first opinion stated: "This appeal presents the question of what constitutes a previous filing of the same suit between the same parties in the face of a motion to dismiss the complaint pursuant to ARCP 12(b)(8)." The last mentioned rule provides for the dismissal of complaints because of the pendency of another action between the same parties arising out of the same transaction or occurrence.

This action was commenced on January 20, 1980, when the appellants filed suit against the appellee, in the Pulaski County Circuit Court, to collect the proceeds of a life insurance policy. Appellants then took a voluntary nonsuit and refiled in the Saline County Circuit Court. Appellants then decided Pulaski County was the proper venue after all and refiled the case in Pulaski County. The case proceeded to trial over appellee's objection and the jury rendered a verdict for the present appellants. We reversed and remanded with directions to proceed in accordance with the opinion.

In the first opinion we reviewed a number of cases relating to venue and jurisdiction. In response to the Corys' argument that no action could be pending in Saline County because the venue was not proper, we noted that the action would have to be considered pending as it had not been dismissed. We also noted that if a defendant fails to object to improper venue the objection is waived, thus it was possible to try the case in Saline County even if the venue statutes were not satisfied.

While the order of the Pulaski County Circuit Court did not say why the action was being dismissed with prejudice, we presume it was because of the provisions of ARCP Rule 41(b). That rule provides:

> *Involuntary Dismissal.* In any case in which there has been a failure of the plaintiff to comply with these rules or any order of court or in which there has been no action shown on the record for the past 12 months, the court shall cause notice to be mailed to the attorneys of record, and to any party not represented by an attorney, that the case will be dismissed for want of prosecution unless on a stated day

application is made, upon a showing of good cause, to continue the case on the court's docket. A dismissal under this subdivision is without prejudice to a future action by the plaintiff unless the action has been previously dismissed, whether voluntarily or involuntarily, in which event such dismissal operates as an adjudication on the merits.

If the dismissal was said to be prejudicial because of this rule, the decision was erroneous. There was no finding that the plaintiff had failed to prosecute, failed to comply with the rules or failed to comply with any order of the court. This section was intended to allow the trial courts to clean up their dockets and get stale cases off the active docket. *Professional Adjustment Bureau, Inc.* v. *Strong*, 275 Ark. 249, 629 S.W.2d 284 (1982).

Rule 41(a) also clearly does not apply as the dismissal in the Pulaski County Circuit Court was at the instance of the defendant, Mark Twain Insurance Corp.

■ When a case is dismissed because of pendency of another action, the pending action may be pursued. We are not suggesting that venue is properly laid in Saline County. As far as we know, the trial court has not yet made that determination. Our decision here is simply that the dismissal of the Pulaski Circuit Court case is dismissed without prejudice to the action in Saline County.

The order of the Pulaski County Circuit Court is affirmed as modified by this opinion.