**LAMPERT LUMBER COMPANY, d.b.a.
Lampert Building Center, Respondent,**

v.

**Vera K. JOYCE, Respondent,**

**Donald F. Nolde, Appellant,**

**First National Bank of
Stillwater, Respondent,**

**City of Stillwater, et al., Defendants.**

**No. C2–86–935.**

Court of Appeals of Minnesota.

Nov. 18, 1986.

Review Granted Dec. 23, 1986.

Edward M. Christian, Bloomington, for Lampert Lumber Co.

Michael H. Daub, Minneapolis, for Joyce.

Mark J. Vierling, Eckberg, Lammers, Briggs, Wolff & Vierling, Stillwater, for Nolde.

Roy Holsten, Stillwater, for First Nat. Bank of Stillwater.

David T. Magnuson, Stillwater, for City of Stillwater.

Heard, considered and decided by POPOVICH, C.J., and PARKER and HUSPENI, JJ.

## OPINION

POPOVICH, Chief Judge.

This appeal is from a judgment foreclosing a mechanic's lien and dismissing a cross-claim against appellant without prejudice. Appellant claims the trial court (1) erred as a matter of law in dismissing the cross-claim without prejudice following submission of the evidence by all parties, or alternatively, (2) abused its discretion in dismissing the cross-claim without prejudice instead of with prejudice. We affirm.

## FACTS

Lampert Lumber Company, respondent and plaintiff below, commenced an action against Vera K. Joyce, respondent and defendant below, to foreclose a mechanic's lien upon real property owned by Joyce in Stillwater, Minnesota. Lampert claimed an amount overdue for its lumber and building materials used to construct an office building on Joyce's property.

Appellant Donald F. Nolde, the general contractor, was joined as an additional defendant. The First National Bank of Stillwater, a lien holder, was also joined but did not dispute the priority of Lampert's claim nor participate in the action. In addition, the City of Stillwater, having issued industrial bonds on the project, was joined but later dismissed from the action with prejudice.

Respondent Joyce filed and served a cross-claim against appellant. Joyce alleged appellant negligently breached the construction contract between the parties.

On December 11 and 12, 1985, a trial was held. Each party submitted evidence and rested. Respondent Joyce presented evidence entirely by examining witnesses called by respondent Lampert and appellant.

The trial court found respondent Joyce entered into a written contract with appellant for construction of the office building. The court also found respondent Lampert provided a written estimate of the required construction materials to appellant. The estimate stated it was not a guaranteed list and any items not included would be billed as extras. The court concluded appellant breached his contract with respondent Lampert by failing to pay for material supplied to the construction site under the contract and respondent Lampert is entitled to a personal judgment against appellant.

In addition, the court concluded, as a matter of law, respondent Joyce failed to establish her claim against appellant by a preponderance of the evidence and dismissed her action without prejudice. In its memorandum, the court stated respondent Joyce's negligent breach of contract claim against appellant is not a recognizable action in Minnesota. The court reasoned while in some instances negligence may amount to a breach of contract, a contract action cannot be based on the fault of the parties.

The court further stated respondent Joyce submitted insufficient evidence regarding the breach of contract claim. The court indicated because appellant contracted on a lump sum basis, respondent Joyce may have been required to pay out in excess of the contract price as a result of the mechanic's lien action. If so, she may be entitled to recover from appellant. Because no evidence was submitted on the issue, the court dismissed the claim without prejudice. In a footnote, the court also indicated respondent Joyce's breach of contract claim would not arise until respondent Lampert prevailed on its lien against the property.

## ISSUES

1. Did the trial court err as a matter of law in dismissing the cross-claim without prejudice?

2. Did the trial court abuse its discretion in dismissing the cross-claim without prejudice instead of with prejudice?

## ANALYSIS

■ 1. Rule 41 of the Minnesota Rules of Civil Procedure provides for dismissal of actions. Rule 41.02(1) authorizes involuntary dismissals initiated by the court:

> The court may on its own motion, or upon motion of a party, and upon such notice as it may prescribe, dismiss an action or claim for failure to prosecute or to comply with these rules or any order of the court.

Minn.R.Civ.P. 41.02(1).

Noncompliance with another Minnesota Rule of Civil Procedure is grounds for dismissal under rule 41.02(1). In this case, the court dismissed respondent Joyce's negligent breach of contract claim for failure to state a claim upon which relief can be granted under rule 12.02.

Rule 41.02(3) further provides:

> Unless the court in its order for dismissal *otherwise specifies*, a dismissal under this rule * * * operates as an adjudication upon the merits.

Minn.R.Civ.P. 41.02(3) (emphasis added). In this case, the court otherwise specified the dismissal without prejudice which does not constitute an adjudication on the merits. *See Usher v. Allstate Insurance Co.,* 300 Minn. 52, 57–58, 218 N.W.2d 201, 205 (1974). Rule 41.03 applies involuntary dismissals under rule 41.02 to the dismissal of a cross-claim.

Appellant argues the trial court lacks authority to dismiss a claim without prejudice after final submission of a case by all parties. Appellant claims rule 41 replaces former Minnesota Statute § 546.39 but does not modify case authority established under the former statute. The former statute specified circumstances when an action may be dismissed without prejudice including:

> By the court where, upon the trial and before the final submission of the case, the plaintiff abandons it, or fails to substantiate or establish his cause of action or right to recover.

*H. Christiansen & Sons v. City of Duluth,* 225 Minn. 486, 489, 31 N.W.2d 277, 279 (1948) (quoting Minn.Stat. § 546.39 (1945)).

The Minnesota Supreme Court construed this statute in *Willard v. Max A. Kohen, Inc.,* 202 Minn. 626, 279 N.W. 553 (1938). There the plaintiff rested and moved to dismiss without prejudice before the court ruled on defendant's renewed motion for a directed verdict. In distinguishing the propriety of a dismissal without prejudice and directed verdict, the Minnesota Supreme Court stated:

> It is the clear intent of our statute that upon the failure of the plaintiff to prove a cause of action a dismissal should be ordered rather than a verdict directed. The latter course should be followed only after defendant rests and *there has been an actual contest on the merits.*

*Id.* at 629, 279 N.W. at 554 (emphasis in original). Appellant argues this matter constitutes an actual contest on the merits and at the close of all the evidence dismissal without prejudice is foreclosed and the action must proceed to a verdict on the merits.

Rule 41.02(3) similarly provides dismissals under the rule operate as an adjudication on the merits. The rule, however, expressly allows the trial court to otherwise specify dismissal without prejudice. *Voth v. Beckman,* 250 Minn. 325, 84 N.W.2d 925 (1957) (per curiam); *see* 2 D. Herr & R. Haydock, *Minnesota Practice* § 41.23 (1985). Thus, the trial court is permitted discretion in electing to dismiss or direct a verdict. *Kozak v. Weis,* 348 N.W.2d 798, 802 (Minn.Ct.App.1984); *see also Usher,* 300 Minn. at 57, 218 N.W.2d at 205.

■ 2. "The court has wide discretion in determining whether dismissals shall be with or without prejudice." *Falkenstein v.*

*Braufman,* 251 Minn. 444, 452, 88 N.W.2d 884, 889 (1958). A dismissal under rule 41.02(1) is an exercise of discretionary authority which will be "sustained on appeal absent a showing of clear abuse viewing the record in light most favorable to the trial court's order." *Zuleski v. Pipella,* 309 Minn. 585, 586, 245 N.W.2d 586, 587 (1976) (per curiam).

Appellant claims the trial court abused its discretion in declining to dismiss the cross-claim with prejudice which is a final determination and "equivalent to an adjudication on the merits." *Butkovich v. O'Leary,* 303 Minn. 535, 536, 225 N.W.2d 847, 848 (1975) (per curiam). Appellant argues the trial court should have dismissed with prejudice in the interests of judicial economy and because "the primary objective of the law [is] to dispose of cases on the merits." *Firoved v. General Motors Corporation,* 277 Minn. 278, 283, 152 N.W.2d 364, 368 (1967).

In *Firoved,* the Minnesota Supreme Court explained the exceptional circumstances necessary to dismiss with prejudice:

> An order of dismissal on procedural grounds runs counter to the primary objective of the law to dispose of cases on the merits. Since a dismissal with prejudice operates as an adjudication on the merits, it is the most punitive sanction which can be imposed for noncompliance with the rules or order of the court or for failure to prosecute. It should therefore be granted only under exceptional circumstances. The primary factor to be considered in determining whether to grant a dismissal with or without prejudice is the prejudicial effect of the order upon the parties to the action * * *. As to defendant, the ordinary expense and inconvenience of preparation and readiness for trial, which can be adequately compensated by the allowance of costs, attorney's fees, or the imposition of other reasonable conditions, are not prejudice of the character which would justify either a refusal to permit plaintiff to dismiss without prejudice or a dismissal

with prejudice. The defense has the burden of showing particular prejudice of such a character that some substantial right or advantage will be lost or endangered if plaintiff is permitted to dismiss and reinstitute the action. Such prejudice should not be presumed nor inferred from the mere fact of delay.

*Id.* at 283–84, 152 N.W.2d at 368 (footnotes omitted).

Appellant claims (1) the facts here constitute exceptional circumstances justifying a dismissal with prejudice; (2) there would be duplicate costs in relitigating the cross-claim issue; (3) appellant claims prejudice because respondent now has an unfair advantage in subsequent litigation; and (4) in making certain findings regarding the contract and the Lampert claim, the court elevated respondent's position because those issues cannot be attacked in a subsequent trial.

The court reasoned dismissal without prejudice was necessary because respondent Joyce failed to establish her cross-claim. Appellant argues this suggests incompetence of counsel which is not sufficient reason for granting a new trial. *See Everett v. Everett,* 319 Mich. 475, 29 N.W.2d 919 (1947). Courts are reluctant, however, to bar a party from trial on the merits because of errors of legal representatives. Instead, courts have used less drastic means of disposing of cases, such as dismissal without prejudice. *Firoved,* 277 Minn. at 283 n. 8, 152 N.W.2d at 368 n. 8; *see also Moore v. St. Louis Music Supply Co.,* 539 F.2d 1191, 1194 (8th Cir.1976).

In addition, the court dismissed the cross-claim without prejudice because "the breach of contract, if any, arguably did not arise until Lampert prevailed on its lien against the property." Rule 13.07 of the Minnesota Rules of Civil Procedure permits, but does not require, respondent Joyce to assert an immature cross-claim in Lampert's suit. Because the court further found insufficient evidence submitted on the breach of contract and damage issues, the record indicates the court anticipated the cross-claim would be litigated more ad-

equately in a separate action. Even if we might have taken a different approach, the trial court's dismissal of the cross-claim without prejudice does not constitute a clear abuse of discretion. *See Zuleski,* 309 Minn. at 586, 245 N.W.2d at 587.

## DECISION

Rule 41 of the Minnesota Rules of Civil Procedure allows the trial court to specify dismissal without prejudice. In so ordering, the trial court did not abuse its discretion.

Affirmed.