LAMPERT LUMBER COMPANY, d.b.a.
Lampert Building Center, Respondent,

v.

Vera K. JOYCE, Respondent,

Donald F. Nolde, petitioner, Appellant,

First National Bank of
Stillwater, Respondent,

City of Stillwater, et al., Defendants.

No. C2–86–935.

Supreme Court of Minnesota.

May 8, 1987.

Mark J. Vierling, Stillwater, for appellant.

Edward M. Christian, Bloomington, for respondent Lampert Lumber.

Michael H. Daub, Minneapolis, for respondent Vera K. Joyce.

Roy Holsten, Stillwater, for respondent First Nat. Bank of Stillwater.

David T. Magnuson, Stillwater, for defendant City of Stillwater.

SIMONETT, Justice.

This appeal presents the question whether a trial court can dismiss a claim without prejudice after the case has been finally submitted for decision. We hold the court may not do so and reverse and remand.

This is a mechanic's lien foreclosure action brought by plaintiff Lampert Lumber Company to recover approximately $11,000 remaining unpaid on its bill for supplies furnished for a new office building. Named as defendants were Vera K. Joyce, the building owner, and Donald F. Nolde, the general contractor who ordered the supplies. Defendant Joyce counterclaimed against plaintiff Lampert and cross-claimed against codefendant Nolde. In his answer to the cross-claim, Nolde alleged the cross-claim failed to state a cause of action.

Following a 2–day court trial, the matter was deemed submitted. No motions to amend pleadings or to dismiss were made at any time. In due course, the trial court issued its findings of fact, conclusions of law, and order for judgment. Lampert was given a lien against Joyce's property for $11,101.44 for unpaid extra supplies, which with interest, costs and attorney fees, resulted in a total lien of $18,457.58. Nolde, the general contractor, was held personally liable for any deficiency after foreclosure of the lien. The court also concluded that defendant Joyce had failed to establish either her counterclaim or her cross-claim, and that while the counterclaim should be dismissed *with* prejudice, the cross-claim would be dismissed *without* prejudice. The trial court noted that Joyce's cross-claim alleged negligent breach of contract, a cause of action not recognized in this state. *See Lesmeister v. Dilly*, 330 N.W.2d 95, 102 (Minn.1983). To the extent the cross-claim could be construed as a breach of contract claim, Joyce's proof

failed to show, among other things, that any cost overrun on the Lampert bill would result in Joyce's having to pay Nolde more than agreed upon for the building. The trial court thought, too, that a breach of contract claim, arguably, would not arise until after Lampert had prevailed on its mechanic's lien; although Minn.R.Civ.P. 13.07, of course, permits the assertion of unmatured, permissive cross-claims.

Believing that Joyce should not have been given a second chance to sue him, Nolde appealed that part of the judgment dismissing Joyce's cross-claim without prejudice. Nolde contended that the trial court should have disposed of the cross-claim on its merits. The court of appeals, however, held that under Minn.R.Civ.P. 41.02(1) the trial court had the discretionary authority, which it properly exercised, to dismiss Joyce's cross-claim without prejudice. *Lampert Lumber Co. v. Joyce,* 396 N.W.2d 75 (Minn.App.1986). We granted defendant-appellant Nolde's petition for further review.

May, then, a trial court, on its own motion and after final submission of the case, dismiss a claim without prejudice, because the claim was defectively pleaded and claimant had failed to provide sufficient proof of any claim?

## I.

Prior to the adoption of the rules of civil procedure in 1952, dismissals were governed by Minn.Stat. § 546.39. Under that former statute, the court could on its own dismiss without prejudice "where, upon the trial and before final submission of the case" a party either abandoned the claim or failed to establish a right to recover.

Dismissals now are governed by rule. Minn.R.Civ.P. 41.01 governs voluntary dismissals without prejudice by a plaintiff either before trial (which may be without leave of court) or during trial (on such terms as the court imposes). Here, of course, respondent Joyce never sought to dismiss her cross-claim, and Rule 41.01 does not authorize a trial court on its own motion to dismiss. Rule 41.02, however, governs involuntary dismissals, and subparagraph (1), on which Joyce now relies, provides:

> The court may on its own motion, or upon motion of a party, and upon such notice as it may prescribe, dismiss an action or claim for failure to prosecute or to comply with these rules or any order of the court.

Such a dismissal may be with or without prejudice, *see* Rule 41.02(3), and it may apply to cross-claims too, *see* Rule 41.03.

■ This rule, however, is no help to Joyce. Rule 41.02(1) is designed to let the trial court manage its docket and eliminate delays and obstructionist tactics by use of the sanction of dismissal. If a party does not cooperate with the litigation process by failing to comply with the rules of procedure or an order of the court, the judge may dismiss the case with or without prejudice. *See, e.g., Firoved v. General Motors Corp.,* 277 Minn. 278, 152 N.W.2d 364 (1967) (trial court properly dismissed plaintiff's action under Rule 41.02(1) for refusal to proceed with trial as directed by the court, but dismissal, under the circumstances, should have been without prejudice). In other words, Rule 41.02(1) permits dismissal for trial management reasons, not for lack of substantive merits of a claim.

Courts in other jurisdictions, including the federal courts,[1] in discussing provisions similar to our Rule 41.02(1), are in accord. *See, e.g., Henderson v. Duncan,* 779 F.2d 1421, 1425 (9th Cir.1986) (dismissal warranted where counsel's failure to comply with a local rule caused inordinate delay and prejudice to the court's need to manage its docket); *Nassau County Ass'n of Ins. Agents, Inc. v. Aetna Life & Casualty Co.,* 497 F.2d 1151, 1154 (2nd Cir.1974) (misjoin-

---

1. Unlike our Rule 41.02(1), Fed.R.Civ.P. 41(b) does not expressly give the trial court authority to dismiss a claim on its own motion, but it has been held that trial courts have this authority based on their "inherent power" "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. R. Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962). *See also Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986).

der of 164 defendants whose claims rested on thousands of unrelated transactions was a "gross abuse of procedure" warranting dismissal); *Mely v. Morris,* 409 P.2d 979, 982 (Alaska 1966) (rule gives trial court discretion to control and administer its calendar); *Cory v. Mark Twain Life Ins. Corp.,* 286 Ark. 20, 22, 688 S.W.2d 934, 935 (1985) (the dismissal rule is intended "to allow the trial courts to clean up their dockets"). The Eighth Circuit, too, has indicated that Fed.R.Civ.P. 41(b) is based on the needs of the court in "advancing a crowded docket" and "preserving respect for the integrity of its internal procedures." *Moore v. St. Louis Music Supply Co.,* 539 F.2d 1191, 1193 (8th Cir.1976).

■ In this case, Joyce has not abused the litigation process. She has not refused to follow the rules or any directives of the court. No sanction is warranted. Joyce says because her cross-claim failed to state a claim, she "failed to comply" with Rule 12.02 and, therefore, the trial court may dismiss her claim. But the need to comply with Rule 12 is Joyce's need, not a need of the trial court in managing its docket. Failure to plead or prove a case goes to the substantive legitimacy of the case itself and is not the kind of procedural problem to be resolved by a Rule 41.02(1) dismissal.

In other words, the rules do not provide for the trial court, on its own, to dismiss a case without prejudice because a claimant is in trouble on the merits of her case. *Compare Ginsberg v. Williams,* 270 Minn. 474, 483, 135 N.W.2d 213, 220 (1965) (trial court's power to grant a new trial is limited to reasons given in the rules and a new trial cannot be granted for a reason not enumerated in the rules).

■ If a case is to be dismissed during trial for reasons relating to its substantive legitimacy, this must be done on motion of a party, either the plaintiff or the defendant. Under subparagraph (2) of Rule 41.-02, after plaintiff rests, the defendant may move (much like a motion for a directed verdict in a jury trial) for dismissal on the grounds that plaintiff has shown "no right to relief." If granted, the dismissal is on the merits unless the court otherwise specifies. Plaintiff may seek to avoid this conclusive dismissal by showing that she has "unwittingly overlooked submission of available evidence to prove a fact essential to recovery" and ask instead that the requested dismissal be without prejudice. *See Usher v. Allstate Ins. Co.,* 300 Minn. 52, 57, 218 N.W.2d 201, 205 (1974). Furthermore, at any time during the trial, plaintiff may move under subparagraph (2) of Rule 41.01 for a dismissal without prejudice by showing that some technical failure of proof, correctible if the case were to be re-sued, is about to defeat her otherwise meritorious claim. *See Cone v. West Virginia Paper Co.,* 330 U.S. 212, 217, 67 S.Ct. 752, 755, 91 L.Ed. 849 (1947).[2] The law favors cases being decided on their true merits. Whether a dismissal without prejudice will be granted and on what terms, is a matter to be presented on motion to the trial court, which then must weigh the reasons given for the requested nonsuit against any prejudice to the other litigants.

■ But once the case is finally submitted, if the integrity of the adversarial trial process is to be maintained, we think the trial judge is under a duty to decide the matter on the merits. *See McElroy v. Board of Educ.,* 184 Minn. 357, 359, 238 N.W. 681, 682 (1931). After the merits

**2.** Nolde argues that a dismissal without prejudice is unauthorized after the defendant begins to put in his case. Nolde quotes, in support of this argument, *Usher v. Allstate Ins. Co.,* 300 Minn. 52, 57–58, 218 N.W.2d 201, 205 (1974), where the court commented that "a dismissal without prejudice may be ordered unless Defendant goes forward with its evidence." Nolde misreads *Usher.* In the quoted comment, the court was only pointing out that if defendant made a Rule 41.02(2) motion to dismiss plaintiff's case on the merits after plaintiff had rest-

ed, the trial court could, if it believed a missing item of plaintiff's proof might be supplied during presentation of defendant's case, choose instead to tell defendant that it would dismiss plaintiff's case without prejudice unless the defendant went forward with its evidence.

Rule 41.01(2) does not limit plaintiff's motion for a dismissal without prejudice to any particular stage of the trial. Plaintiff can make the motion at any time, although the longer the trial continues, the risk of prejudice to the other litigants may increase.

have been adjudicated, an aggrieved party may still seek relief by appropriate post-trial motions for grounds specified in the rules. Indeed, the trial court on its own initiative may grant a new trial but, it should be noted, only "for any reason for which it might have granted a new trial on motion of a party." Rule 59.05.

▮▮▮ Here, Joyce participated in the trial. Her trial counsel (not the same counsel as appears for her on appeal) never moved to sever or dismiss or otherwise discontinue her cross-claim. Defendant Nolde made no Rule 41.02(2) motion to dismiss, nor, of course, was he obligated to do so. Nor, apparently, did anyone suggest to Joyce her cross-claim was in trouble. Joyce tried her case as she wanted to try it and then rested, as did all the parties, and the case was submitted to the court for its decision. The decision, so invited, was required to be on the merits.

We hold, therefore, that the trial court erred in dismissing Joyce's cross-claim without prejudice, and we reverse and remand to the trial court for an adjudication on the merits.

## II.

▮▮▮ The trial court has already concluded that Joyce failed to establish her cross-claim. Joyce does not disagree. Presumably, on remand, the trial court, in deciding the cross-claim on its merits, will order judgment that defendant Joyce does not recover on her cross-claim against defendant Nolde. We might add, in view of concerns about res judicata effect on other pending litigation, that the cross-claim relates only to the Lampert Lumber Company bill.

Often, in cases submitted for decision on the merits, the trial court's conclusions of law and order for judgment will state that the claim is "dismissed" on the merits or with prejudice. (See, for example, the trial court's dismissal with prejudice in this case of Joyce's counterclaim.) This is just a colloquial way of saying that the claimant, having failed to prove her claim under the law and the evidence adduced, is not entitled to recover on her claim from the other party. This kind of "dismissal" should not be confused with Rule 41.01 or Rule 41.-02(1) dismissals with prejudice which, while they also finally dispose of the claim, do so for nonsubstantive reasons, such as on stipulation of the parties to conclude a settlement or, as earlier discussed, for failure of claimant to comply with the rules or a court order or for a failure to prosecute.

Reversed and remanded.

YETKA, Justice (dissenting).

This case arises from the failure of a party to sustain a claim that was, under the circumstances, impractical to prove. The majority opinion would prohibit the trial court from dismissing such a claim without prejudice. The better rule would be to allow the trial court such discretion.

Here, Lampert Lumber Co. sued the owner and general contractor of a new office building over a failure to pay approximately $11,000 remaining on a bill for supplies. The owner counterclaimed against Lampert and cross-claimed against the general contractor, contending that he had negligently breached his contract. As the majority correctly noted, Minnesota does not recognize an action for negligent breach of contract. However, the owner would have had a breach of contract claim if the sum of payments for construction of the building exceeded the sum the general contractor had promised to charge. The owner had a strong incentive to attempt such a claim against the general contractor as a hedge against the lien Lampert could place against her building if Lampert were successful in its suit.

As it happened, the owner did not submit evidence showing that if Lampert collected the monies it claimed due, the total price for the building would exceed the sum the owner agreed to pay. The failure to do so, however, was understandable given that, in order to demonstrate that the costs of the project exceeded the contractual amount, the owner would have had to prove the costs of all the various subcontractors. Until all suppliers and subcontractors submitted their bills so that the total cost

could be ascertained, such a proof would be impractical.

Because her cause of action was faulty and the task of producing the requisite evidence under a correct cause of action difficult, if not impossible, the owner would have been wise to drop her cross-claim prior to the close of trial. The failure of her attorney to do so is, at best, puzzling. When added to his initial error in pleading, it adds up to a sorry record of performance. However, it is unfair to penalize a client for the errors of her attorney. If, as seems likely, the owner loses on her cross-claim against the general contractor on remand, she is forever foreclosed from fairly settling the issue of whether the general contractor should be held responsible for any overrun due Lampert Lumber. The trial court should be allowed the discretion it exercised here to preserve a possibly meritorious claim where, through no fault of the party, the claim was impractical to prove. Therefore, I dissent.