16 Neb. App. 394
KELLI D. HOLLING, APPELLEE,
v
TONY L. HOLLING, APPELLANT.
No. A-07-065.
Court of Appeals of Nebraska.
Filed February 5, 2008.
Douglas Pauley and Chris A. Johnson, of Conway, Pauley & Johnson, P.C., for appellant.
No appearance for appellee.
INBODY, Chief Judge, and CARLSON and CASSEL, Judges.
CASSEL, Judge.

INTRODUCTION
Kelli D. Holling, on behalf of her minor children, sought a protection order against Tony L. Holling. After an evidentiary hearing, the district court for Dawson County dismissed Kelli's petition "without prejudice." Tony appeals. Because the matter was submitted to the district court on the merits, the court lacked authority to dismiss without prejudice. We modify the judgment to dismiss the petition with prejudice.

STATEMENT OF FACTS
In November 2006, Kelli, on behalf of her two minor children, filed a petition to obtain a domestic abuse protection order. It would serve no useful purpose here to describe Kelli's allegations. Instead, it is relevant to note only that, following a hearing in which Kelli represented herself and both parties adduced evidence, the district court found that Kelli had failed to establish that she was entitled to have a protection order issued. The court stated, "I'm going to dismiss your petition without prejudice, which means if you need to bring it up again, you can, but you're going to have to have different proof than you did today." Upon Tony's objection, the court stated that when it dismissed without prejudice, it meant that costs would not be assessed against anyone. The court reiterated that Kelli would have the right to bring up additional facts that had not been presented at the hearing that day.
Tony has appealed from this order. Pursuant to this court's authority under Neb. Ct. R. of Prac. 11B(1) (rev. 2006), the case was ordered submitted without oral argument.

ASSIGNMENT OF ERROR
Tony assigns one error, asserting that the district court failed to dismiss Kelli's action with prejudice.

STANDARD OF REVIEW
[1] Statutory interpretation is a matter of law, in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the court below. Watson v. Watson, 272 Neb. 647, 724 N.W.2d 24 (2006).

ANALYSIS
As summarized, Tony argues that he has already been subjected to trial on Kelli's request for a protection order and that she failed to prove her allegations. He complains that when the district court dismissed the case without prejudice after a trial on the merits, it effectively handed Kelli a second chance to pursue the identical claims against him.
Neb. Rev. Stat. § 25-601 (Reissue 1995) governs dismissals without prejudice. It provides as follows:
An action may be dismissed without prejudice to a future action (1) by the plaintiff, before the final submission of the case to the jury, or to the court where the trial is by the court; (2) by the court where the plaintiff fails to appear at the trial; (3) by the court for want of necessary parties; (4) by the court on the application of some of the defendants where there are others whom the plaintiff fails to diligently prosecute; (5) by the court for disobedience by the plaintiff of an order concerning the proceedings in the action. In all other cases on the trial of the action the decision must be upon the merits.
Section 25-601 thus enumerates the circumstances in which a trial court may order a dismissal without prejudice, none of which encompasses the situation presented in this case. In the absence of any of these circumstances, a trial court is clearly directed to make its decision upon the merits.
As the Nebraska Supreme Court explained many years ago:
At common law a nonsuit was not a bar to a future action, and the evident purpose of the framers of the code was to change the law in order to lead every case to a final judgment which should be a bar except where, for sufficient reasons, other provision has been made.
Zittle v. Schlesinger, 46 Neb. 844, 846-47, 65 N.W. 892 (1896). The goal of the statute has not changed in the intervening years.
In a similar case, the Supreme Court of Minnesota stated, "[T]he rules do not provide for the trial court, on its own, to dismiss a case without prejudice because a claimant is in trouble on the merits of her case." Lampert Lumber Co. v. Joyce, 405 N.W.2d 423, 426 (Minn. 1987). "[O]nce the case is finally submitted, if the integrity of the adversarial trial process is to be maintained, we think the trial judge is under a duty to decide the matter on the merits." Id.
[2] Section 25-601 is unambiguous in its terms. After submission, a trial court has no authority to dismiss a case without prejudice on the basis that a plaintiff has failed to produce sufficient evidence to sustain his or her claims. The district court erred in doing so in the instant case.

CONCLUSION
We modify the judgment of the district court to dismiss Kelli's petition with prejudice, and as so modified, we affirm.
AFFIRMED AS MODIFIED.