JIM HANNAH, Chief Justice, dissenting. I respectfully dissent from that portion of the majority opinion holding that Arkansas Rule of Civil Procedure 41(b) applies to two | ^dismissals under Arkansas Rule of Civil Procedure 12(b)(6). Rule 41(b) was intended to permit trial courts to clean up them dockets and get stale cases dismissed where the plaintiff fails to prosecute, fails to comply with rules, or fails to comply with any order of the court. Cory v. Mark Twain Life Ins. Corp., 286 Ark. 20, 22, 688 S.W.2d 934, 935 (1985). Likening Arkansas Rule of Civil Procedure 8 to Arkansas Rule of Civil Procedure 4 regarding service of process, the majority concludes that “a failure to comply with the requirements of Arkansas Rule of Civil Procedure 8 for pleading facts is likewise a ‘failure of the plaintiff to comply with these rules’ as contemplated in rule 41(b)”. I disagree. First, I do not agree that a failed attempt by a plaintiff to state “in ordinary and concise language ... facts showing ... that the pleader is entitled to relief (Arkansas Rule of Civil Procedure 8(a)) constitutes a “failure of the plaintiff to comply with these rules” under rule 41(b). Second, I do not believe that the analogy to Rule 4 is helpful because Rule 4 sets out very specific tasks to be completed for service of process, and stating a cause of action is an issue governed by Rule 12, not Rule 41. Arkansas Rule of Civil Procedure 12(j) grants the trial court the discretion to permit further pleading, which clearly means that Rule 41(b) is not applicable to dismissals under Rule 12. Nothing in this case indicates that the plaintiff was not prosecuting the case or that any rules of civil procedure subject to Rule 41 were being violated. The majority improperly and unnecessarily limits the discretion of the trial courts to handle pleading issues. On this basis, I respectfully dissent. HART, J., joins.