## AMALGAMATED MEAT CUTTERS AND BUTCHER WORKMEN OF NORTH AMERICA AND ANOTHER v. CLUB 167, INCORPORATED, AND OTHERS.

204 N. W. 2d 820.

February 23, 1973—No. 43532.

<hr/>

*Maslon, Kaplan, Edelman, Borman, Brand & McNulty* and *Hyman Edelman,* for appellants.

*Thuet, Collins & Mitchell* and *Jack A. Mitchell,* for respondents.

Heard before Knutson, C. J., and Rogosheske, MacLaughlin, and Schultz, JJ.

Per Curiam.

This appeal involves an equity action to restrain defendants from spending or disposing of certain funds and requesting judgment that plaintiffs are the owners of the funds. The trial court granted defendants' motion for summary judgment. We reverse, but without prejudice to defendants' right to again assert the defense of res judicata at a later stage in the proceedings.

Plaintiffs are an international union and a local union affiliated with the international union. The local union represented employees of the Swift & Company plant in South St. Paul. Defendants are Club 167, Inc., and its officers and directors. Club 167, a Minnesota nonprofit corporation, was formed in the early 1950's. Membership in Club 167 was limited to members of plaintiff local union, but not all members of the local became members of the club. In order to fund the club, the local certified to Swift & Company an amount to be checked off monthly from the wages of those members of the union who were also members of Club 167. These funds were transmitted to Club 167 from time to time by appropriate resolution of the local.

Defendants' motion for summary judgment was based on res judicata. It alleged that plaintiffs' present action is barred by the dismissal with prejudice of a prior action by plaintiffs against defendants. Plaintiffs' prayer for relief in the prior action concerned itself solely with certain realty to which Club 167 had title, but the body of the complaint made some reference to other property held in the club's name. Pursuant to an out-of-court settlement, the parties stipulated to a dismissal of the prior action on the merits "with prejudice." Apparently, there was no written agreement detailing the terms of the settlement of the first action. However, based on the dismissal with prejudice of that action, the trial court granted defendants' motion for summary judgment in this action.

Whether the granting of the summary judgment was error turns solely on the validity of the defense of res judicata. A stipulated dismissal with prejudice bars another action on the same claim. Favorite v. Minneapolis St. Ry. Co. 253 Minn. 136, 91 N. W. 2d 459 (1958); Schoenfeld v. Buker, 262 Minn. 122, 114 N. W. 2d 560 (1962). Here, however, after carefully studying the record available to us, we cannot determine whether this action is on the same claim as the prior action. Although the request for relief in the first action was limited to certain real property and the request for relief in this action is limited to certain funds, we are unable to ascertain from the pleadings and record whether the claims in the two actions are essentially the same or different.

A test frequently applied by this court to determine if two claims are identical is whether the same evidence will support both judgments. McMenomy v. Ryden, 276 Minn. 55, 148 N. W. 2d 804 (1967); Melady-Briggs Cattle Corp. v. Drovers State Bank, 213 Minn. 304, 6 N. W. 2d 454 (1942). We have employed this test and have concluded that, on the limited record before us, we cannot determine whether the claims are identical.[1]

Therefore, we cannot uphold the barring of this action by res judicata. We reverse for a trial on the merits but without prejudice to defendants' again raising their res judicata defense for a determination by the trial court, aided by a full record. Because we reverse on this ground, it is unnecessary to consider other contentions made by plaintiffs.

Reversed.

MR. JUSTICE TODD took no part in the consideration or decision of this case.

---

[1] Other tests to determine whether claims are identical have been applied by the courts. These tests are set out in 1B Moore, Federal Practice (2 ed.) par. 0.410[1], p. 1157, and *Developments in the Law— Res Judicata,* 65 Harv. L. Rev. 818, 824. The record before us is also insufficient to apply these tests.