John **PAULOS**, Appellant,

v.

Harry A. **JOHNSON**, Jr., **M.D.**, Respondent.

No. C3–92–2220.

Court of Appeals of Minnesota.

July 6, 1993.

Review Denied Sept. 10, 1993.

John Paulos, pro se.

William M. Hart, Priti R. Patel, Robert M. Frazee, Richard L. Pemberton, Jr., Meagher & Geer, Minneapolis, for respondent.

Considered and decided by CRIPPEN, P.J., and KALITOWSKI and SCHULTZ *, JJ.

## OPINION

CRIPPEN, Judge.

This case concerns the penalties for failing to meet requirements of Minn.Stat. § 145.682, regarding affidavits needed to pursue a medical malpractice claim.

## FACTS

Appellant John Paulos filed this medical malpractice action against respondent Dr. Harry A. Johnson, Jr., submitting with the complaint an affidavit pursuant to Minn. Stat. § 145.682, subd. 3(b) (1990) stating that expert review could not be obtained before the action was commenced because of the pending statutory deadline.[1] After

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

1. Minn.Stat. § 145.682, subd. 2 (1990) states in pertinent part, "[i]n an action alleging malpractice, error, mistake, or failure to cure, whether based on contract or tort, against a health care provider which includes a cause of action as to which expert testimony is necessary to establish a prima facie case, the plaintiff must: (1) unless otherwise provided in subdivision 3, paragraph (b), serve upon defendant with the summons and complaint an affidavit as provided in subdivision 3."

According to Minn.Stat. § 145.682, subd. 3(a) (1990), the affidavit required by subd. 2 must state that "the facts of the case have been reviewed by the plaintiff's attorney with an expert whose qualifications provide a reasonable expectation that the expert's opinions could be admissible at trial and that, in the opinion of this expert, one or more defendants deviated from the applicable standard of care and by that action caused injury to the plaintiff."

Subd. 3(b) provides that plaintiffs may submit an affidavit permitting a delay in furnishing the affidavit of expert review. Specifically, an affidavit that "the expert review required by paragraph (a) could not reasonably be obtained before the action was commenced because of the applicable statute of limitations. If an affidavit is executed pursuant to this paragraph, the affidavit in paragraph (a) must be served on defen-

Paulos failed to produce an affidavit of expert review, and failed to respond to discovery requests, respondent moved for dismissal. At the hearing on this motion, appellant still was without any evidence demonstrating expert review, and the trial court dismissed the action with prejudice.

## ISSUES

1. Did the trial court err in dismissing the case where no affidavit of expert review had been filed over four months after service of the summons and complaint?

2. May appellant be permitted to proceed without expert testimony?

## ANALYSIS

 Statutory construction is a question of law which this court may review *de novo*, but we must affirm dismissal of a medical malpractice action for procedural irregularities unless the trial court has abused its discretion. *Sorenson v. St. Paul Ramsey Med. Ctr.*, 457 N.W.2d 188, 190 (Minn.1990).

**1.**

 In the circumstances here, where appellant employed the alternative of an affidavit for delayed filing, the statute provides that the affidavit must be submitted within 90 days. Minn.Stat. § 145.682, subd. 3(b) (1990). Paulos did not furnish an affidavit within 90 days, and the trial court's dismissal was thus appropriate.[2]

We conclude that delayed filing of the expert review affidavit is governed singularly by the 90 day mandate of subd. 3(b). We have considered in this regard the language of Minn.Stat. § 145.682, subd. 6 (1990), which provides for dismissal within 60 days of a demand for an affidavit of expert review. According to subd. 6, the 60 day demand procedure applies where a plaintiff fails to comply with the requirements of subd. 2, clause (1). Subd. 2, clause (1) references the alternative requirements for an affidavit of expert review or an affidavit for delayed filing.

When the plaintiff serves the summons and complaint without either affidavit (expert review, or delay), a 60 day demand is a prerequisite for dismissal under subd. 6. But where a summons and complaint is accompanied by an affidavit invoking the alternative for a later filing, we conclude that dismissal may occur under the 90 day mandate of subdivision 3(b). To rule otherwise would violate the canon of construction requiring that effect be given each statutory provision. *Paul v. Faricy*, 228 Minn. 264, 275, 37 N.W.2d 427, 434 (1949). If the 60 day demand rule were applied upon use of the affidavit for delay, little or no effect would be given to the 90 day requirement of subd. 3.

We have deliberated on the apparent anomaly of a construction of the statute which compels performance within 90 days by one who furnishes an affidavit for delay, but has no similar absolute rule for one who files no affidavit at all. In the latter circumstance, cause for dismissal would never arise until 60 days after a demand. This, however, is consistent with the evident concern of the legislature that plaintiffs be fully apprised of the expert review laws. If no affidavit is furnished with the complaint, the demand constitutes actual notification to the plaintiff of the statutory requirement. The law then allows another 60 days to comply. For one who knows the requirements of the statute, indicated by the submission of an affidavit for delay, the statute permits compliance within 90 days and requires no demand for compliance.

 Appellant also contends that the trial court should have permitted him more time to produce an affidavit. Although Paulos has not furnished a transcript, he contends that he asked for a continuance at

---

dant or the defendant's counsel within 90 days after service of the summons and complaint."

**2.** The trial court's order also relies on the observation that an affidavit of expert review was demanded but not furnished within the time permitted by statute. The record shows, however, that no such demand was made. The only demand produced was one for the identity of expert witnesses, for which an affidavit must be produced within 180 days after filing of the summons and complaint.

the hearing on respondent's motion to dismiss. Under the circumstances here, however, appellant has not shown the due diligence necessary for a finding of excusable delay. *Parker v. O'Phelan,* 414 N.W.2d 534, 537 (Minn.App.1987), *aff'd* 428 N.W.2d 361 (Minn.1988). The record reflects that appellant has not yet obtained an affidavit of expert review.

### 2.

 Appellant contends his case does not require expert review. Consistent with this position, he has not produced any affidavits before or after dismissal, and he does not indicate any desire to correct this deficiency.[3] Because a determination of causation and damages would rest on technical medical concepts, however, expert testimony is required, bringing this case into the scope of Minn.Stat. § 145.682.

Appellant claims for the first time on review that this is not a malpractice claim subject to the statute, but instead one for negligent nondisclosure. The statute governs any allegations of malpractice, mistake, or failure to cure. This action is within that classification, since respondent is a health care provider under subd. 1. Finally, appellant contends that he should be permitted to amend his complaint. This argument also was not raised below, and we decline to review it on appeal.

### DECISION

By failing to provide an affidavit of expert review within 90 days of filing a malpractice complaint, appellant violated an absolute mandate of Minn.Stat. § 145.682. Because this is a case requiring expert testimony, dismissal was appropriate. Other arguments presented by appellant were not raised below, and we cannot consider them on appeal.

**Affirmed.**

---

**3.** In his statement of the case, appellant indicates the basis for his appeal is that no expert testimony should have been required. We have addressed the procedural requirements of Minn. Stat. § 145.682 only because those issues were fully briefed and are the fundamental ingredient of the trial court's cause for dismissal of the case.