John PAULOS, Appellant,

v.

Harry A. JOHNSON, Jr., M.D., Respondent.

No. C8–99–180.

Court of Appeals of Minnesota.

July 20, 1999.

Review Denied Sept. 28, 1999.

Douglas B. Meslow, Robb L. Olson, Meslow Olson, P.L.L.C., White Bear Lake, for appellant.

Richard L. Pemberton, Jr., William M. Hart, Robert M. Frazee, Meagher Geer, P.L.L.P., Minneapolis, for respondent.

Considered and decided by TOUSSAINT, Chief Judge, SHORT, Judge, and SCHULTZ, Judge.*

## OPINION

SHORT, Judge

This is the third appeal arising from reconstructive ear and nose surgery performed on John Paulos by Harry Johnson, Jr., M.D. On appeal from the trial court's grant of summary judgment in favor of Johnson, Paulos argues the trial court erred in applying the two-year statute of limitations to his fraudulent misrepresentation claim.

## FACTS

In January 1990, Paulos sustained injuries to his nose and ear during a physical assault; one month later, Paulos contacted Johnson's office to inquire about reconstructive surgery. During his telephone call, Paulos asked whether Johnson was a board-certified plastic surgeon and whether his clinic was a participating Blue Cross and Blue Shield of Minnesota provider. Johnson's employee answered affirmatively to both questions, and Johnson confirmed this information on separate occasions following Paulos's initial inquiry. Paulos scheduled surgery for March 30, 1990, and Johnson performed Paulos's surgery on the scheduled date.

Dissatisfied with Johnson's work, Paulos sued Johnson for negligent medical treatment on March 10, 1992, but the trial court dismissed the suit with prejudice for failure to provide an affidavit of expert review. Paulos appealed the dismissal and argued for the first time on appeal that Johnson also negligently misrepresented his status as a board-certified cosmetic surgeon. We affirmed and stated in dictum that Paulos's negligent nondisclosure claim is governed by the two-year statute of limitations. *Paulos v. Johnson*, 502

N.W.2d 397, 400 (Minn.App.1993), *review denied* (Minn. Sept. 10, 1993).

After his appeal, Paulos brought a motion for new trial based on newly discovered evidence that Johnson was not a board-certified plastic surgeon. The trial court denied the motion because Paulos failed to adequately investigate the case during initial litigation and also concluded a motion for new trial cannot be used to advance a new legal theory. Paulos appealed, and we affirmed. *Paulos v. Johnson*, No. C6–93–1931, 1994 WL 111091 (Minn.App. Apr.5, 1994), *review denied* (Minn. June 2, 1994). On February 16, 1998, Paulos filed this action against Johnson and alleged eight new claims relating to Johnson's misrepresentations. The trial court determined Paulos's claims are barred by the two-year statute of limitations and granted summary judgment in favor of Johnson. Paulos appeals this judgment.

## ISSUES

I. Are Paulos's claims barred by res judicata?

II. Did the trial court err in concluding Paulos's claims are barred by the two-year statute of limitations?

## ANALYSIS

■ On appeal from summary judgment, we determine whether genuine issues of material fact exist or whether the trial court erred in its application of the law. Minn. R. Civ. P. 56.03; *DLH, Inc. v. Russ*, 566 N.W.2d 60, 69 (Minn.1997). While we view the evidence in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to create an issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Ruud v. Great Plains Supply, Inc.*, 526 N.W.2d 369, 371 (Minn.1995). Determining the availability of res judicata and statutory construction are legal questions, which we

---

* Retired judge of the district court, serving as a judge for the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

review de novo. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985); *see Sarafolean v. Kauffman*, 547 N.W.2d 417, 419 (Minn.App.1996) (reviewing construction of statute of limitations de novo), *review denied* (Minn. July 10, 1996); *Hennepin County v. Hanneman*, 472 N.W.2d 149, 152 (Minn.App.1991) (reviewing availability of res judicata de novo), *review denied* (Minn. Aug. 29, 1991).

### I.

 Res judicata is a finality doctrine designed to prevent the relitigation of previously determined causes of action. *Dorso Trailer Sales, Inc. v. American Body & Trailer, Inc.*, 482 N.W.2d 771, 773–74 (Minn.1992); *Nitz v. Nitz*, 456 N.W.2d 450, 451 (Minn.App.1990); *see Wessling v. Johnson*, 424 N.W.2d 795, 799 (Minn.App. 1988) (noting policy reasons underlying res judicata include avoiding unnecessary litigation, judicial economy, and establishing certainty in legal decisions), *review denied* (Minn. July 28, 1988). Under the doctrine, a final judgment on the merits serves as an absolute bar to a second suit involving identical parties and the same cause of action, and conclusively determines every matter that was litigated or may have been litigated. *Beutz v. A.O. Smith Harvestore Prods., Inc.*, 431 N.W.2d 528, 531 (Minn. 1988) (citing *Youngstown Mines Corp. v. Prout*, 266 Minn. 450, 466, 124 N.W.2d 328, 340 (1963)); *see Myers Through Myers v. Price*, 463 N.W.2d 773, 777 (Minn.App. 1990) (noting res judicata bars new grounds for relief based upon same cause of action even if not presented in first case), *review denied* (Minn. Feb. 4, 1991); *Sunrise Elec., Inc. v. Zachman Homes, Inc.*, 425 N.W.2d 848, 851 (Minn.App.1988) (citing *Minneapolis Auto Parts Co. v. City of Minneapolis*, 739 F.2d 408, 409 (8th Cir.1984) and listing components of res judicata).

 A change in legal theory cannot be used to avoid res judicata. *Nitz*, 456 N.W.2d at 452; *see Bruske v. Hille*, 567 N.W.2d 872, 876 (S.D.1997) (stating "[m]edical malpractice characterized as fraud and deceit will not sanction a shift to a more beneficial statute of limitations"). Rather, res judicata bars the litigation of two successive suits involving claims that, regardless of their labels, arise from the same operative nucleus of facts. *Anderson v. Werner Continental, Inc.*, 363 N.W.2d 332, 335 (Minn.App.1985), *review denied* (Minn. June 24, 1985); *see Amalgamated Meat Cutters & Butcher Workmen v. Club 167, Inc.*, 295 Minn. 573, 575, 204 N.W.2d 820, 821 (1973) (noting test to determine if two claims are identical is whether same evidence will support both judgments); *see, e.g., Antonson v. Ekvall*, 295 Minn. 558, 559, 204 N.W.2d 446, 446 (1973) (per curiam) (affirming trial court's decision that prior tort claim cannot be relitigated under guise of contract claim); *Dollar Travel Agency, Inc. v. Northwest Airlines, Inc.*, 354 N.W.2d 880, 882–83 (Minn.App.1984) (holding res judicata barred tort action because previous contract action was based on same set of factual circumstances), *review denied* (Minn. Dec. 21, 1984).

 Paulos's initial medical negligence claim involved the same parties as his current claim and resulted in a final judgment on the merits. *See* Minn.Stat. § 145.682, subd. 6 (1998) (stating failure to provide certification of expert review results in mandatory dismissal with prejudice). Moreover, not only do Paulos's claims involve Johnson's medical treatment but, more specifically, the damages resulting from Johnson's misrepresentations stem from the very medical negligence claimed by Paulos in his initial suit. Under these circumstances, we conclude that, because Paulos's current claims are rooted in the same facts and circumstances as his past medical negligence suit, they are barred by res judicata as a matter of law. Although the trial court did not base its dismissal on this ground, it considered the doctrine's applicability to Paulos's claims and thus provided a solid basis for our

conclusion. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988) (noting reviewing court must only consider issues that record shows were presented and considered by trial court in deciding matter).

## II.

■ Even if res judicata does not apply to Paulos's claims, we conclude the claims are barred by a two-year statute of limitations. *See* Minn.Stat. § 541.07(1) (1998) (subjecting all malpractice actions against health care professionals to two-year statute of limitations). Generally, Minnesota requires most negligence actions be commenced within six years. *See* Minn.Stat. § 541.05, subd. 1 (1998) (applying six-year statute of limitations to common negligence actions). But Minn.Stat. § 541.07(1) requires "all actions against physicians, surgeons, * * * other health care professionals * * * for malpractice, error, mistake or failure to cure" to be commenced within two years. *See Fabio v. Bellomo*, 504 N.W.2d 758, 762 (Minn.1993) (noting medical malpractice cause of action generally accrues when physician's treatment ceases); *see generally* Martin H. Redish, *Legislative Response to the Medical Malpractice Insurance Crisis: Constitutional Implications*, 55 Tex. L.Rev. 759, 761, 790 (1977) (noting nationwide legislative proposals to reduce malpractice awards include limiting statute of limitations to two years and are aimed at putting insurance industry in better position to maintain reasonable premiums).

■ Medical malpractice actions subjected to a two-year statute of limitations typically involve negligent conduct that is connected to a person's professional licensure. *Kaiser v. Memorial Blood Ctr.*, 486 N.W.2d 762, 767 (Minn.1992); *Femrite v. Abbott Northwestern Hosp.*, 568 N.W.2d 535, 544 (Minn.App.1997) (Randall, J., concurring specially), *review denied* (Minn. Nov. 18, 1997). Thus, an action involving medical negligence that necessarily flows from a therapeutic relationship, rather than administrative or policymaking func-

tions, must be commenced within this restricted time period. *See D.A.B. v. Brown*, 570 N.W.2d 168, 172 (Minn.App.1997) (concluding physician's medical advice to patients, given in connection with kickback scheme, arose in course of rendering medical treatment and was subjected to two-year statute); *cf. Kaiser*, 486 N.W.2d at 767 (holding blood bank not covered by two-year statute because physicians in charge did not administer tainted blood in connection with professional licensure); *Femrite*, 568 N.W.2d at 538–39 (determining hospital's negligence subjected to six-year statute because claims involved negligent administration, not medical malpractice, but upholding dismissal on other grounds).

■ Paulos argues Johnson's misrepresentations were fraudulent business solicitations performed before medical treatment and are not confined to a two-year statute of limitations. *See* Minn.Stat. § 541.05, subd. 1(6) (applying six-year limit to fraud actions). But Johnson made the fraudulent misrepresentations in response to Paulos's inquiry regarding potential surgery. Moreover, Paulos based his decision to undergo reconstructive surgery on Johnson's misinformation, and the nature of his damages relates directly to Johnson's subsequent medical treatment. Although Paulos argues his new claims are based on fraud rather than medical malpractice, they are supported by evidence directly connected to Johnson's examination, diagnosis, treatment and care for Paulos. *See D.A.B.*, 570 N.W.2d at 171–72 (holding kickback scheme related to process of rendering treatment). In fact, because Johnson made the misrepresentations as precursors to Paulos's surgery, the claims present a pure informed consent issue. *See Cornfeldt v. Tongen*, 262 N.W.2d 684, 699 (Minn.1977) (recognizing cause of action for medical malpractice resulting from negligent nondisclosure of significant treatment risks).

Under these circumstances, we conclude Paulos's claims sound in medical negli-

gence and are limited to the two-year statute of limitations under Minn.Stat. § 541.07. *See D.A.B.*, 570 N.W.2d at 171–72 (holding claim against physician who receives kickbacks for prescribing drugs sounds in medical malpractice, regardless of its characterization, and is governed by two-year statute). Because Paulos did not commence this action within the required time period, the trial court did not err in summarily dismissing his claims.

## DECISION

Paulos's claims are barred by res judicata. The trial court did not err in summarily dismissing Paulos's claims based on a two-year statute of limitations.

**Affirmed.**