Michelle Marie HENDERSON,
Appellant,

v.

ALLINA HEALTH SYSTEM,
d/b/a Unity Hospital, et
al., Respondents.

No. CX–99–1640.

Court of Appeals of Minnesota.

April 11, 2000.

Review Denied June 13, 2000.*

* BLATZ, C.J., took no part in the consideration or decision of this case.

Jo Lynn Isaacson, Wellner & Isaacson, PLLP, Circle Pines (for appellant).

Bradley J. Betlach, Minnetonka (for respondents).

Considered and decided by KALITOWSKI, Presiding Judge, WILLIS, Judge, and HALBROOKS, Judge.

## OPINION

KALITOWSKI, Judge.

Appellant Michelle Marie Henderson challenges the district court's order granting summary judgment to respondents Allina Health System, d/b/a Unity Hospital, and its unidentified employees. Appellant contends the district court erred in determining that her personal injury claim is barred by the two-year statute of limitations for medical malpractice actions under Minn.Stat. § 541.07 (1998).

## FACTS

Appellant received inpatient treatment at Unity Hospital from April 5 through 8, 1996. During her hospitalization, appellant was shaky, uncoordinated, and disoriented. She had difficulty ambulating and required assistance to use the restroom. Shortly after midnight on April 8, appellant fell from her hospital bed, landing on her hands and knees. At the time of the fall appellant was unattended. She was not physically restrained or otherwise secured in her bed and the side rails on her bed had not been raised to a fully upright position. Appellant claims to have suffered permanent damage to her knees as a result of the injuries she sustained in the fall.

Appellant instituted this action on May 1, 1998, just over two years after her fall. In her complaint, she alleged that respondents had negligently failed to properly position the bed rails or otherwise safely secure her. The district court granted summary judgment in favor of respondents based on its conclusion that appellant's action asserted a claim for medical malpractice and thus was beyond the two-year statute of limitations under Minn. Stat. § 541.07 (1998).

## ISSUE

Does the statute of limitations for medical malpractice claims under Minn.Stat. § 541.07 (1998) apply to this action alleging negligent failure to raise hospital bed rails?

## ANALYSIS

Summary judgment may be granted if there is no genuine issue as to any material fact and either party is entitled to a judgment as a matter of law. Minn. R. Civ. P. 56.03. In reviewing a grant of summary judgment, we must determine whether there are any genuine issues of material fact and whether the district court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979). The evidence must be viewed in the light most favorable to the party against whom summary judgment was granted. *Abdallah, Inc. v. Martin*, 242 Minn. 416, 424, 65 N.W.2d 641, 646 (1954).

### I.

At the time appellant brought her action, medical malpractice claims were subject to a two-year statute of limitations. Minn.Stat. § 541.07(1) (1998). The statute provided:

Except where the uniform commercial code * * * otherwise prescribes, the following actions shall be commenced within two years:

(1) * * * all actions against physicians, surgeons, dentists, occupational therapists, hospitals, other health care professionals as defined in section 145.61, and * * * hospitals, sanitariums for mal-

practice, error, mistake or failure to cure, whether based on contract or tort. *Id.* Appellant argues that because respondents' failure to raise her bed rails constitutes simple negligence rather than medical malpractice, the six-year statute of limitations under Minn.Stat. § 541.05 (1998) should apply. We disagree.

Under Minnesota law, a medical malpractice action "typically involve[s] negligent conduct that is connected to a person's professional licensure." *Paulos v. Johnson,* 597 N.W.2d 316, 320 (Minn.App. 1999), *review denied* (Minn. May 20, 1997). A plaintiff must commence a lawsuit within the more restrictive time period for medical malpractice actions when the allegations involve negligence that flows from the therapeutic relationship, rather than administrative or policymaking functions. *Compare Kaiser v. Memorial Blood Ctr.,* 486 N.W.2d 762, 767 (Minn.1992) (holding that blood bank not covered by two-year statute because its physicians did not administer tainted blood in connection with their professional licensure) *with Paulos,* 597 N.W.2d at 320 (holding physician's fraudulent misrepresentations made as precursor to reconstructive surgery subject to two-year statute for medical malpractice actions).

As a threshold matter, respondents assert that the *Kaiser* analysis is inapplicable because appellant's claim constitutes medical malpractice under the statute by virtue of respondent Unity Hospital's status as a hospital. We disagree. Under *Kaiser,* the negligent acts by the blood bank's physician-employees did not constitute medical malpractice even though they were committed by physicians because the physician-employees were not performing functions requiring a professional license. *Kaiser,* 486 N.W.2d at 767. As the court noted in *Kaiser,* a distinction exists "between malpractice by professionals acting pursuant to their professional licensure [and] negligence based upon conduct for which a professional license is not required." *Id.*

Citing *Kaiser,* appellant claims that respondents' failure to raise her bed rails constitutes simple negligence because it involves an action for which a professional license is not a prerequisite. She argues that respondents' written bed-rail policy wrested away all discretion from hospital staff with respect to the use of bed rails for a patient in her condition, rendering the decision administrative rather than medical. We disagree.

Respondents' Patient Care Administration Manual contains the following directives regarding the use of bed rails:

A. Side rails are available on all beds as indicated by patient status. * * *

1. Side rails will be raised as necessary by caregivers based on patient's status.

2. Full side rails on each side of the bed will be raised for patients who are unconscious or semi-conscious state [sic].

3. All side rails must be up if the bed is elevated.

Thus, by its plain language this policy contemplates that unless the bed is elevated, caregivers should raise bed rails based on a medical assessment of a patient's condition, including his or her relative level of consciousness. We conclude that this type of medical judgment falls within the category of an action requiring a professional licensure, since it necessitates an understanding of a patient's medical needs and medical status.

We reject appellant's argument that respondent Unity Hospital made an administrative decision concerning the use of bed rails merely by adopting a written policy. Instituting a general written policy is not the same as recognizing that a particular patient exhibits the medical conditions that trigger the policy's provisions. Appellant provides no evidence that respondents had made a determination that appellant needed bed rails or other safety restraints prior to the fall but nonetheless failed to provide

them. Thus, this case is distinguishable from cases in other jurisdictions that have held that a claim for injuries after a fall from a hospital bed is a claim for simple negligence where a hospital fails to equip a patient's bed with side rails after an express assessment that the patient's condition requires such a heightened level of care. *See, e.g., Halas v. Parkway Hosp., Inc.*, 158 A.D.2d 516, 551 N.Y.S.2d 279, 280 (1990) (finding claim asserted simple negligence where hospital failed to use side rails despite recognized risk of harm); *Smith v. North Fulton Med. Ctr.*, 200 Ga. App. 464, 408 S.E.2d 468, 470 (1991) (finding claim for failure to carry out nurse's written instruction to raise bed rails constituted ordinary negligence claim). Moreover, these jurisdictions have also held that a complete failure to recognize that a plaintiff's condition requires the use of bed rails constitutes medical malpractice. *See Mossman v. Albany Med. Ctr.*, 34 A.D.2d 263, 311 N.Y.S.2d 131, 132–33 (1970) (finding claim asserted medical malpractice where no facts suggested hospital had recognized need for use of side rails); *Robinson v. Medical Ctr. of Cent. GA*, 217 Ga.App. 8, 456 S.E.2d 254, 256 (1995) ("Whether the side rails should have been in the 'up' position or the 'down' position was a professional question.").

We conclude that respondents' written bed-rail policy provides guidance in determining the appropriate course of action following a medical assessment of a patient's condition. Thus, respondents' decision not to raise appellant's bed rails required an initial medical judgment concerning her condition and mental status, and appellant's claims based on respondents' mistakes or errors in making that decision necessarily sound in medical malpractice rather than ordinary negligence.

## DECISION

The district court did not err in granting respondents' motion for summary judgment because appellant's claim was barred by the statute of limitations for medical malpractice actions under Minn.Stat. § 541.07(1) (1998).

**Affirmed**.