*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2103**

Robert Bonczek,
Appellant,

vs.

Donald Erickson, DDS,
Respondent,

Mark Wilson, Periodontist,
Respondent,

Mayo Clinic - Rochester,
Respondent,

University of Minnesota - Minneapolis,
Respondent,

City of Minneapolis, et al.,
Respondents.

**Filed July 28, 2014
Affirmed
Hooten, Judge**

Hennepin County District Court
File No. 27-CV-13-5215

Robert Bonczek, Minneapolis, Minnesota (pro se appellant)

John M. Degnan, W. Knapp Fitzsimmons, Briggs and Morgan, P.A., Minneapolis, Minnesota (for respondent Erickson)

Katherine A. McBride, Barbara A. Zurek, Meagher & Geer, P.L.L.P., Minneapolis, Minnesota (for respondent Wilson)

Heather M. McCann, Dorsey & Whitney LLP, Minneapolis, Minnesota (for respondent Mayo Clinic)

William P. Donohue, General Counsel, Tracy M. Smith, Deputy General Counsel, Timothy J. Pramas, Senior Associate General Counsel, Minneapolis, Minnesota (for respondent University of Minnesota)

Susan L. Segal, Minneapolis City Attorney, Andrea K. Naef, Assistant City Attorney, Minneapolis, Minnesota (for respondent City of Minneapolis)

Considered and decided by Reyes, Presiding Judge; Hooten, Judge; and Kirk, Judge.

## UNPUBLISHED OPINION

**HOOTEN**, Judge

In this pro se appeal, appellant challenges the district court's dismissal of his complaint alleging dental malpractice, arguing that he was not required to serve respondents an affidavit of expert review under Minn. Stat. § 145.682 (2012). He also challenges the denial of his motion to remove the district court judge for cause. We affirm.

## FACTS

In March 2013, appellant Robert Bonczek sued respondents Donald Erickson, Mark Wilson, the Mayo Clinic, the University of Minnesota, and the City of Minneapolis for "dental malpractice, negligence." The complaint indicates Bonczek's belief that his action must be commenced within two years and his request for a 90-day extension to serve a statutorily required affidavit of expert review. The complaint explained that "[t]he stated purpose of this complaint was to comply with the statutory requirements." In an affidavit attached to the complaint, Bonczek, who is not an expert, states that he

2

needs surgery for the removal and replacement of five implants, bone grafting, the placement of a healing plate, and the filling of holes in the implants. He also claims that he has suffered infections twice as a result of the dental implants. In his motion requesting the 90-day extension, Bonczek claims that he has seen or attempted to see 25 dentists for an evaluation, but that he has not been able to secure an affidavit of expert review.

All respondents except Wilson moved to dismiss Bonczek's complaint for failure to state a claim upon which relief can be granted under Minnesota Rule of Civil Procedure 12.02(e). At the hearing on the motions on June 19, 2013, the district court acknowledged that Bonczek appeared to have filed his lawsuit at that time because Bonczek was concerned that there was a two-year, rather than a four-year, statute of limitations. Bonczek agreed, characterizing the complaint as "an interim step."

The district court inquired whether Bonczek had sought legal assistance. Bonczek claimed that he had, but without success. The district court encouraged Bonczek to continue seeking help and referenced several resources.

Noting that Bonczek was pro se, the district court orally denied the motions to dismiss and gave Bonczek 90 days to file an amended complaint. The district court informed Bonczek about what was needed in a complaint to avoid dismissal:

> When you file a lawsuit, if you're asserting a claim of negligence, you need to demonstrate there was a duty owed. So, the professional, the dentist here, owed you a duty of professional care. You need to allege that they breached that duty. You need to allege that the breach caused damages, and you need to allege that you were damaged.

3

The district court also pointed out that the motions to dismiss outlined the legal elements that Bonczek needed to address. The district court cautioned Bonczek that it would dismiss his claims with prejudice if he failed to meet the minimum threshold of asserting a claim.

Toward the end of the hearing, the university asked the district court to stay discovery. Bonczek responded that he requested x-rays and other documents in order to show prospective attorneys the extent of his injuries. The university clarified that it believed that Bonczek could request and pay for the x-rays himself, and that it attached Bonczek's medical documents to its motion to dismiss. The district court granted the university's request and stayed discovery until Bonczek filed his amended complaint, explaining that discovery is expensive. The district court also noted that Bonczek could request x-rays at his own expense and that the university attached his medical records to its motion to dismiss.

In giving Bonczek an additional 90 days (until September 17, 2013) to amend his complaint, the district court also instructed that:

> Bonczek must also file either an affidavit of expert review or an affidavit explaining that the expert review could not have been reasonably obtained and requesting a ninety day extension. Minn. Stat. § 145.682, subd. 3. If Bonczek fails to comply with these requirements, his amended complaint will be dismissed with prejudice. *Id.* § 145.682, subd. 6.

Wilson separately moved to dismiss Bonczek's complaint for failure to comply with section 145.682. A hearing on Wilson's motion was held on August 21, 2013. Bonczek alleged that, because of Wilson's interference with potential experts, he had not

4

been "allowed to get" an affidavit of expert review. But, when questioned about this allegation, Bonczek was unable to present any specific evidence of interference with his efforts to find an attorney or expert by any of the respondents. The district court encouraged Bonczek to seek assistance outside of the Twin Cities area. Rather than ruling on Wilson's motion, the district court cautioned Bonczek that he needed to comply with the statute and file an affidavit of expert review by September 17.

After the hearing, Bonczek brought a motion to remove the district court judge under Minnesota Rule of Civil Procedure 63.02 for interest or bias and requested that the district court lift the stay on discovery. At the September 17 hearing, the district court asked Bonczek if he was able to secure an affidavit of expert review. Bonczek admitted that he failed to do so, but asserted that he could prove his claims without expert testimony. He also argued that the university would not provide him his records. The university reiterated that it had produced Bonczek's medical records with the exception of the x-rays and that Bonczek could obtain the x-rays at his expense.

The district court denied Bonczek's motion to remove, granted respondents' motions to dismiss, and dismissed Bonczek's claims with prejudice under both rule 12.02(e) and section 145.682. Bonczek appeals.

**D E C I S I O N**

**I.**

Bonczek challenges the district court's dismissal of his dental-malpractice claims with prejudice under section 145.682.[1] We review a dismissal for failure to comply with section 145.682 under an abuse-of-discretion standard. *Haile v. Sutherland*, 598 N.W.2d 424, 426 (Minn. App. 1999). A district court abuses its discretion when its ruling is based on an erroneous view of the law, against the facts in the record, or exercises its discretion in an arbitrary or capricious manner. *City of North Oaks v. Sarpal*, 797 N.W.2d 18, 24 (Minn. 2011).

"Expert testimony is generally required in medical-malpractice cases because they involve complex scientific or technological issues." *Mercer v. Andersen*, 715 N.W.2d 114, 122 (Minn. App. 2006). Where expert testimony is necessary to establish a prima facie case of dental malpractice, a plaintiff must meet two requirements set forth in Minnesota Statutes section 145.682, subdivision 2. *Anderson v. Rengachary*, 608 N.W.2d 843, 846 (Minn. 2000). Only the first of those requirements is at issue here: "[T]he plaintiff must serve with the complaint an affidavit of the plaintiff's attorney stating that the attorney has reviewed the case with an expert and that in the expert's opinion the defendant injured the plaintiff due to a deviation from the standard of care." *Anderson*, 608 N.W.2d at 846; *see also* Minn. Stat. § 145.682, subds. 2, 3. This

---

[1] We note that Bonczek failed to address the district court's other basis for dismissing his complaint—failure to state a claim upon which relief may be granted under rule 12.02(e). This renders any argument on that ground waived. *See Melina v. Chaplin*, 327 N.W.2d 19, 20 (Minn. 1982) (stating that issues not briefed on appeal are waived).

requirement applies to plaintiffs proceeding pro se, Minn. Stat. § 145.682, subd. 5. And it applies to malpractice cases against dentists, periodontists, clinics, and hospitals. *See id.*, subd. 1 (including in the definition of "health care provider" dentists, health care professionals, hospitals, and all persons and entities providing health care). Failure to comply with the statute "results, upon motion, in mandatory dismissal with prejudice of each cause of action as to which expert testimony is necessary to establish a prima facie case." *Id.*, subd. 6.

The district court dismissed Bonczek's complaint under section 145.682 because Bonczek failed to file an affidavit of expert review. The district court did not abuse its discretion. Bonczek's affidavit attached to his complaint does not indicate that Bonczek reviewed his claims with a medical expert or that a medical expert believes that any of the respondents injured Bonczek by deviating from the standard of care. Because strict compliance with the requirements of the statute is mandated, the district court did not err in dismissing Bonczek's claims with prejudice.

While Bonczek concedes that he did not serve an affidavit of expert review, he contends that the district court should have "taken an equitable approach to the problem" and that the filing of the complaint and summons was merely an "interim step." Bonczek's argument is without merit. "The Minnesota legislature enacted Minn. Stat. § 145.682 for the purpose of eliminating nuisance medical malpractice lawsuits by requiring plaintiffs to file affidavits [of expert review] verifying that their allegations of malpractice are well-founded." *Stroud v. Hennepin Cnty. Med. Ctr.*, 556 N.W.2d 552, 555 (Minn. 1996). "So as not to undermine the legislative aim of expert review and

7

disclosure, we have stressed that plaintiffs must adhere to strict compliance with the requirements of Minn. Stat. § 145.682." *Broehm v. Mayo Clinic*, 690 N.W.2d 721, 726 (Minn. 2005). Pro se plaintiffs are not excused from strictly complying with the statute. *See Paulos v. Johnson*, 502 N.W.2d 397, 398–400 (Minn. App. 1993) (affirming dismissal because pro se appellant failed to comply with sections 145.682's "absolute mandate" of providing an affidavit of expert review within 90 days of filing complaint), *review denied* (Minn. Sept. 10, 1993).

Bonczek also contends that the district court abused its discretion by dismissing his claims under section 145.682 because he can establish liability without expert testimony. "Expert testimony is not necessary where the facts to be determined are within the common knowledge of the jury and where the results of surgical or medical treatment, viewed in the light of all the circumstances, provide a sufficient evidentiary basis to support an inference of negligence." *Bauer v. Friedland*, 394 N.W.2d 549, 553 (Minn. App. 1986) (quotation omitted).

However, inconsistent with his current argument on appeal that expert testimony is not necessary, Bonczek's complaint contains a request for a 90-day extension to acquire an affidavit of expert review. The only information regarding Bonczek's injuries in the record is his affidavit attached to the complaint, which does not convey that the facts to be determined are within the jury's common knowledge and that the results of whatever treatment Bonczek obtained provide an evidentiary basis to support an inference of negligence. Also, because "expert testimony is necessary to support all but the most obvious medical malpractice claims," *Haile v. Sutherland*, 598 N.W.2d 424, 428 (Minn.

App. 1999), there is no merit to Bonczek's arguments that his claims are within the common knowledge of jurors. Bonczek was not able to show that jurors are knowledgeable about the standard of care required of dentists in dental implant surgeries, the causes of infection in implants, or when the surgical removal of implants was required.

Bonczek responds that he was not allowed to collect evidence to show that his claim could be established without expert testimony and to show excusable neglect, and that the district court's decision to stay discovery rendered it "impossible to obtain information required to file the amended complaint." But Bonczek did not explain how further discovery would buttress his claim that he would be able to prove his claim without expert testimony. The district court "has wide discretion to issue discovery orders and, absent clear abuse of that discretion, normally its order with respect thereto will not be disturbed." *Shetka v. Kueppers, Kueppers, Von Feldt & Salmen*, 454 N.W.2d 916, 921 (Minn. 1990). The district court, noting the expenses associated with discovery, granted a stay of discovery until Bonczek submitted his amended complaint. At the same time, Bonczek was provided with a copy of his medical records and was told by the district court that he could obtain his x-rays from the university at his own expense. Under these circumstances, the district court did not abuse its decision in staying discovery because no legally sound complaint had been served and filed by Bonczek. *See Spurck v. Civil Serv. Bd.*, 231 Minn. 183, 189, 42 N.W.2d 720, 724 (1950) (defining discretion as "the power or right of acting officially according to what appears best and appropriate under the circumstances" (quotation omitted)).

Bonczek contends that the district court abused its discretion because he can show excusable neglect for failing to comply with section 145.682. But Bonczek did not argue excusable neglect to the district court. Therefore, we decline to address it here. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (stating that appellate courts generally do not consider matters not argued to and considered by the district court).

## II.

Bonczek challenges the district court's denial of his motion to remove the district court judge for interest or bias. "We will not reverse a district court's decision to deny a removal motion absent an abuse of discretion." *Haefele v. Haefele*, 621 N.W.2d 758, 766 (Minn. App. 2001), *review denied* (Minn. Feb. 21, 2001). "No judge shall sit in any case if that judge is interested in its determination or if that judge might be excluded for bias from acting therein as a juror." Minn. R. Civ. P. 63.02. A judge who has already presided at a proceeding may not be removed except upon an affirmative showing of prejudice. Minn. R. Civ. P. 63.03. "In order for bias or prejudice to be disqualifying it must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Pedro v. Pedro*, 489 N.W.2d 798, 804 (Minn. App. 1992) (quotation omitted), *review denied* (Minn. Oct. 20, 1992).

Bonczek's frustration with the district court's adverse rulings is apparent. He asserts that the district court judge ignored his theory that he could prove his case without expert testimony and claims that the district court judge asked him to leave the courtroom before the conclusion of the August hearing on Wilson's motion to dismiss. But the

10

district court did not abuse its discretion by dismissing his case for failing to comply with section 145.682 or by staying discovery, and nothing in the record indicates that either decision was made out of prejudice or bias against Bonczek. *See Olson v. Olson*, 392 N.W.2d 338, 341 (Minn. App. 1986) (stating that "[p]rior adverse rulings . . . clearly cannot constitute bias").

Rather, the record indicates that the district court judge went out of his way to assist Bonczek in presenting the case. The district court judge entertained Bonczek's claims, explained to Bonczek what he needed to include in an amended complaint, and encouraged Bonczek to seek legal assistance and to consult with dentists outside of the Twin Cities area in order to obtain an affidavit of expert review.

Finally, there is no support in the record for Bonczek's claim that the district court judge asked him to leave at the August hearing. Rather, the transcript of the hearing establishes that the district court judge allowed Bonczek to fully participate, and the result of the hearing was favorable to Bonczek in that the district court reiterated that Bonczek had until September 17 to serve an affidavit of expert review, rather than dismissing Bonczek's case against Wilson at that time.

Based upon this record, the district court did not abuse its discretion by denying Bonczek's motion to remove.

**Affirmed.**

11